## MAURICE HIMMEL AND EMANUEL L. FRIED vs. JENNIE EICHENGREEN.

*Constitutional Law—Title of Statute—Exemption of Property From Execution — Money Payable to Certificate Holder by Fraternal Society not Liable to Attachment—Non-Resident Entitled to the Exemption.*

The title of the Act of 1894, ch. 295, is "An Act to amend Art. 23, of the Code of Public General Laws, title corporations, sub-title, Insurance Department, by adding further new additional sections after Sec. 143 D. to be known as Sec. 143 E." etc. By the Act, it is provided that money payable to a certificate holder by a fraternal society shall not be subject to attachment for the debts of such holder. *Held*, that this legislation is germane to the subject described in the title, and the Act is not in conflict with Constitution, Art. 3, sec. 29, which declares that the subject of every law shall be described in its title.

Code, Art. 23, sec. 217, provides that money or other benefits payable by a fraternal beneficiary association shall not be liable to attachment or seizure to pay any debt of a certificate holder, or other person entitled thereto. *Held*, that this statute is not in conflict with Constitution, Art. 3, sec. 44, which declares that laws shall be passed to protect from execution a reasonable amount of the property of the debtor not exceeding in value, the sum of five hundred dollars. The constitutional provision relates to the exemption of the property of the debtor from execution, and is not applicable to the exemption from attachment of money payable to a certificate holder by a benefit society.

Non-residents of this State, as well as residents, are entitled to the benefit of Code, Art. 23, sec. 217, which provides that money payable by a fraternal association to a certificate holder shall not be liable to attachment for his debts, since the statute does not expressly limit its operation to residents.

*Decided March 31st, 1908.*

Appeal from the Baltimore City Court.

The cause was argued before Boyd, C. J., Briscoe, Pearce, Schmucker, Burke and Worthington, JJ.

*Robert W. Mobray*, (with whom was *Michael P. Kehoe*, on the brief), for the appellants.

*C. A. Tucker*, (with whom was *Olin Bryan* on the brief), for the appellees.

BRISCOE, J. delivered the opinion the Court.

There are two appeals in this record from the Baltimore City Court. They present the same questions and will be considered by us in one opinion.

On the 24th of December, 1906, a writ of attachment at the suit of the plaintiffs was issued out of the Baltimore City Court against Jennie Eichengreen, the defendant, a non-resident debtor returnable to the January return day, 1907. The writ was laid also in the hands of the Supreme Conclave Improved Order of Heptasophs, a fraternal beneficiary association, as garnishee, and a certain fund due and owing the defendant, as a beneficiary of the late David Eichengreen, who held a benefit certificate in the association to the extent of two hundred and fifty dollars was attached, as per schedule, returned with the writ of attachment, and the garnishee was duly summoned. At the same time an action of assumpsit was brought by the plaintiffs against the defendant and a summons issued thereon.

The defendant and garnishee both appeared by counsel, to the suits, and each of them filed a motion to quash the attachment for the same reasons, towit, that the fund sought to be attached, was a benefit, and was not liable to attachment, under the provisions of sec. 217 of Art. 23 of the Code of Public General Laws.

This defense was sustained by the Court below and on the 16th of November, 1907, the defendant's and garnishee's motion to quash the attachment was granted, and from the order in granting the motion in each case the plaintiff has appealed.

The facts for the purposes of the case on this appeal were agreed upon by the parties and are set out in "an agreed statement of facts," in the record. They are as follows:

1. That the property and credits sought to be reached in this attachment are benefits due and owing by the garnishee to Jennie Eichengreen, as a beneficiary of the late David Eichengreen, who held a benefit certificate in the company.

2. That the garnishee is a fraternal beneficial association formed, organized and carried on for the sole benefit of its members and their beneficiaries, and not for profit, is operated upon the lodge system, with ritualistic form of work, and has a representative form of government, and is of the class of associations coming strictly within the description of and governed by the provisions of the Maryland Code of 1904, Public General Laws, Art. 23, secs. 210 to 225, inclusive.

3. That the only property or funds held by the garnishee belonging to Jennie Eichengreen is the benefits due under the certificate as one of the beneficiaries named in the certificate to David Eichengreen, her husband, amounting to $250.

And it is on this state of facts that the Court is called upon to determine the correctness of the rulings of the Court below.

By sec. 217, of Art. 23, of the Code, it is provided that the money or other benefit, charity, relief, or aid to be paid, provided or rendered by any association authorized to do business under sec. 210 to sec. 223 (both inclusive), of this Article, shall not be liable to attachment by trustee, garnishee or other process and shall not be seized, taken, appropriated or applied by any legal or equitable process or by operation of law to pay any debt or liability of a certificate holder named in a certificate or of any person who may have any right thereunder.

It is admitted that if the Act of 1894, ch. 295 (now sec. 217 of Art. 23 of the Code) was a valid exercise of legislative power, under our Constitution, and if its sections are applicable to the facts of this case, then, there can be no question as to the correctness of the action of the Court below in granting the motions to quash the attachment.

The validity of the Act of 1894, ch. 295, is assailed upon several grounds. It is objected, first, that the Act is unconstitutional because it violates that part of Art. 3, sec. 29, of the Constitution which declares that "every law enacted by the General Assembly shall embrace but one subject and that shall be described in its title and no law shall be revived or amended by reference to its title or section only. And secondly, it is contended that sec. 143L of the Act, which is

codified as sec. 217, of Art. 23, of the Code, is in direct conflict with sec. 44, of Art. 3, of the Constitution, which provides that "Laws shall be passed by the General Assembly to protect from execution a reasonable amount of the property of the debtor not exceeding in value the sum of five hundred dollars." And thirdly, it is insisted upon the part of the appellants that, even if it be held that the Act (1894), is free from all constitutional objections, it cannot be applicable to this case, because the defendant is a non-resident of the State and the Act itself contains no express provision extending its benefits to non-residents.

We have considered the various objections urged to this law, and are of the opinion that the law is not obnoxious to any of the provisions of our State Constitution.

The title of the Act here objected to is as follows: "An Act to amend Art. 23 of the Code of Public General Laws, title, 'Corporations,' sub-title 'Insurance Department,' by adding further new additional sections after sec. 143D, to be known as secs. 143E, 143F," and other sections, including sec. 143L, the one here in controversy.

The 23rd Art. of the Code, is entitled corporations, subtitled "Insurance Department," and contains the legislation of the State regulating insurance companies. The title of the Act, is to amend this Article of the Code by adding new sections thereto. They are germane to the subject in the 23rd Article of the Code, and the subject is sufficiently described in the title.

The form of the title adopted by the Legislature in adding these sections to Article 23 of the Code, has been sustained by this Court in a number of cases, and are decisive of the present contention. It is only the subject of the Act which must be described in the title and neither the details of the legislation nor the means or instrumentalities by which the subject is to be carried into effect, constitute the subject of the Act. *State* v. *Applegarth*, 81 Md. 295; *Baltimore City* v. *Flack*, 104 Md. 107.

This Act (1894) has been before this Court, in several

cases, and has received judicial approval and sanction. *Barton* v. *Fraternal Alliance*, 85 Md. 31; *Fraternal Alliance* v. *State*, 86 Md. 550; *Dale* v. *Brumbly*, 96 Md. 674.

There is no force in the second objection to the Act, that it violates the provisions of Art. 3, sec. 44, of the Constitution, relating to the exemption from execution of the property of the debtor, not exceeding in value, the sum of five hundred dollars.

There can be no reason for the assertion of this objection in the case at bar because if available, the amount in question does not exceed the sum of five hundred dollars.

The limitation however prescribed by the Constitution under Art. 3, sec. 44, clearly relates to the exemption of property from execution and is not applicable to cases of exemption from attachment, of "money or other benefits" payable under a certificate issued by a fraternal association, as in this case. In *Dale* v. *Brumbly*, 96 Md. 674, the amount involved under the certificate was $3,000. We there said: "The Act of 1894, ch. 295, which was in force at the date of the last named assignment, declares that such associations are organized and carried on for the sole benefit of its members and their beneficiaries and not for profit. It also provides that the fund or benefit shall not be liable to be applied by any legal process or by operation of law to pay any debt or liability of a certificate holder," &c., &c.

The association would have no power then under its constitution or the laws of the State to pay the fund to a creditor of the deceased.

In *Coward* v. *Dillinger*, 56 Md. 59, it is said: All property within the limits of the State, whether owned by residents or non-residents, is subject to its laws, and the State has the right to prescribe how and in what manner such property shall be subjected to the claims of creditors. It is upon this principle that attachment laws are founded.

We think that an attachment is not such an execution as was intended, to be affected by the constitutional provision here relied upon.

The Act of 1894, being free from any constitutional objection, we come to the remaining question in the case, and that is, does the exemption provided by the statute extend to the defendant in this case, she not being a resident of the State?

It is earnestly contended upon the part of the appellant that such exemptions do not apply in favor of non-resident debtors, unless by express statutory enactment, and a number of decisions in other States, are cited in support of this proposition.

There is nothing in the Act limiting its operation to residents of the State, and by the weight of authority a non-resident is entitled to the benefit of the exemption, unless the statute expressly provides to the contrary. It is well settled, that where there is no constitutional barrier we are bound to observe and enforce the statutory provisions of our own State, although in conflict with the laws of other jurisdictions.

The Legislature has declared by the Act that "the money or other benefit" shall not be liable to attachment by trustee or garnishee or other process to pay any debt or liability of a certificate holder, or of any beneficiary named in a certificate or of any person who may have any right thereunder.

The language is clear and comprehensive and there is nothing in the Act which would indicate that an exception was intended, in favor of non-residents. The Act clearly includes non-residents, as well as resident debtors.

If the statute by its terms required residence, a non-resident could take no benefit thereunder. *Smith* v. *McAtee,* 27 Md. 435; *Allen* v. *Nat. Marine Bk.*, 92 Md. 510; *Mineral Point R. Co.* v. *Barron*, 83 Ill. 365; *Wright* v. *Chicago*, 19 Nebr. 175; *Hill* v. *Loomis*, 6 N. H. 263; *Bunn* v. *Fonda*, 2 Code Rep. (N. Y.) 70; *Sproul* v. *McCoy*, 26 Ohio St. 577; *Bond* v. *Turner*, 33 .Oregon, 551; *Bell* v. *Indian Co.*, 11 S. W. (Tex.) 344; *Haskill* v. *Andros*, 4 Vt. 609.

Finding no error in the rulings of the Court, the orders appealed against will be affirmed, with costs.

*Orders affirmed with costs.*