## In re JONES.

(District Court, D. Maryland. November 2, 1917. Supplemental Opinion, November 14, 1917.)

1. BANKRUPTCY ⊜⟶143(12)—RIGHTS OF TRUSTEE—INSURANCE.

Under Bankruptcy Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (Comp. St. 1916, § 9654), declaring that the trustee shall be vested with the title of the bankrupt, except in so far as it is exempt, to all powers which the bankrupt might have exercised for his own benefit and to property which, prior to the filing of the petition, he could by any means have transferred, or which might have been levied upon and sold under judicial process against him, but that, when a bankrupt shall have any insurance policy, which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within 30 days after the value has been ascertained, pay or secure to the trustee the sum so ascertained and hold the policy free from the claims of creditors, a life policy payable to the wife of the bankrupt, unless exempt by state statute, passes to the trustee, in bankruptcy, where the bankrupt, without the consent of his wife, had the right at any time to substitute another beneficiary.

2. EXEMPTIONS ⊜⟶50(1)—LIFE INSURANCE POLICY.

A life policy payable to the wife of the insured, but reserving in him the power to change the beneficiary without his wife's consent, cannot be deemed for the benefit of the wife, so as to be exempt under Code Pub. Gen. Laws Md. 1904, art. 45, §§ 8, 9, exempting from liability for debts any policy on the debtor's life taken out or assigned by him for the sole use of his wife.

3. BANKRUPTCY ⊜⟶396(3)—EXEMPTION—INSURANCE.

As Const. Md. art. 3, § 44, limits the power of the Legislature to grant exemptions from execution to property not exceeding in value $500, Code Pub. Gen. Laws Md. 1904, art. 83, § 8, purporting to exempt from execution all money payable in the nature of insurance, must be construed in the light of the limitation; hence a Maryland bankrupt, claiming as exempt an insurance policy having large surrender value, is entitled to an exemption only to the amount of $500, which exemption must be deemed in full satisfaction of all exemptions to which he might be entitled under section 8.

In the matter of the bankruptcy of Harry C. Jones, trading as H. C. Jones & Co. On petition of the trustee to compel the bankrupt to surrender a certain life policy or pay the surrender value thereof. Petition granted in part.

John F. Oyeman, of Baltimore, Md., for bankrupt and wife.
Joseph T. England, of Baltimore, Md., for trustee.

ROSE, District Judge. The bankrupt's life was insured. The insurance was payable to his wife, but he had the right at any time, and without her consent, to substitute any other beneficiary in her place. At the time of the filing of the petition in bankruptcy the policy had a cash surrender value of $1,725.85. The bankrupt had possession of it. The trustee says he is entitled to it, or to its surrender value. The bankrupt and his wife say that he is not. Some states do not suffer creditors to take any life insurance. In them the trustee has no claim upon any life policy. Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018. When this is not

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

so, or when it is not clearly so, there has been much difference of opinion as to whether such policies, as that now in dispute, pass or do not pass to the trustee. The answer has in most cases turned upon the construction given to the varying phraseology of the applicable state statutes exempting some, but not all, life insurance policies from the demands of creditors.

It has been held that under the laws of New Hampshire (In re Whelpley [D. C.] 169 Fed. 1019), Ohio (Matter of Fetterman, 243 Fed. 975), Kentucky (Matter of Pfaffinger [D. C.] 164 Fed. 526), Wisconsin (Allen v. Central Wisconsin Trust Co., 143 Wis. 381, 127 N. W. 1003, 139 Am. St. Rep. 1107, 25 Am. Bankr. Rep. 126), Minnesota (In re Johnson [D. C.] 176 Fed. 591), and Missouri (In re Orear, 189 Fed. 888, 111 C. C. A. 150), such policies do not pass to the trustee; but, on the other hand, the state exemption laws do not prevent their passing in New York (In re Wolff [D. C.] 165 Fed. 984; In re White, 174 Fed. 333, 98 C. C. A. 205, 26 L. R. A. [N. S.] 451; In re Hettling, 175 Fed. 65, 99 C. C. A. 87; In re Draper [D. C.] 211 Fed. 230), Pennsylvania (In re Herr [D. C.] 182 Fed. 716; In re Dolan [D. C.] 182 Fed. 949; In re Jamison [D. C.] 222 Fed. 92; In re Shoemaker [D. C.] 225 Fed. 329; In re Flanigan [D. C.] 228 Fed. 339), Georgia (Malone v. Cohn, 236 Fed. 882, 150 C. C. A. 144), Louisiana (In re Bonvillain [D. C.] 232 Fed. 370), and Tennessee (In re Moore [D. C.] 173 Fed. 679).

It would scarcely be accurate to say that the varying conclusions to which courts and judges have come have been always due to the difference of the wording of the state enactments. It is not unlikely that some of the judges, who held that particular statutes protected the policy altogether, would have reached the same conclusion, had they been dealing with some of the laws which other judges decided did not prevent the policy from passing to the trustee. To attempt a detailed analysis of these decisions would therefore be little worth while.

The bankrupt and his wife say that the petition of the trustee should be denied, and that for two reasons: (1) Under the proviso of paragraph 5 of section 70, a policy of this sort does not pass to the trustee. (2) By the law of Maryland such policies are exempt from the demands of creditors, and under section 6 of the Bankruptcy Act are not affected by bankruptcy. If not exempt by the state law, is this such a policy as will pass to the trustee? In other words, is it a policy which, on the day of the filing of the petition in bankruptcy, had a cash surrender value payable to the bankrupt, his estate, or his personal representatives? If it is not, the trustee has no claim upon it. Burlingham v. Crouse, 228 U. S. 459, 33 Sup. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148; Everett v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; Andrews v. Partridge, 228 U. S. 479, 33 Sup. Ct. 570, 57 L. Ed. 929.

The trustee says that on that day, or any other day, the bankrupt could have named himself as the beneficiary and thereby have made the cash surrender value payable to himself. The trustee argues

that to make determinative the circumstance that such designation would have to be made is to give greater weight to form or to ritual than to substance. He contends that to compel the bankrupt to change the beneficiary would not take from the wife any right which, in the eye of the law, is of any value. He cites to that effect the opinion of the Circuit Court of Appeals for the Sixth Circuit in Mutual Benefit Life Insurance Co. v. Swett, 222 Fed. 200, 137 C. C. A. 640, Ann. Cas. 1917B, 298, and the text-writers and adjudged cases therein referred to, all of which concur in holding that the original beneficiary has no vested interest in such a policy as that now before the court, or in its proceeds, and that until after the death of the insured she has nothing more than a mere expectancy in it. He asserts that the question has been before three Circuit Courts of Appeal, and that in two of them, the Fifth and Sixth, by a unanimous bench, it has been answered as he says it should be (Malone v. Cohn, 236 Fed. 882, 150 C. C. A. 144; Mutual Benefit Life Ins. Co. v. Swett, supra), and that only in the Second (In re Samuels, 237 Fed. 796, 151 C. C. A. 38) and there over the strong dissent of Judge Hough, has the contrary reply been given.

He accurately quotes the authorities. His argument is a strong one. No reply can be made to it, if it be assumed that, because the bankrupt can change the beneficiary, he usually will. To say that what the bankrupt for his pleasure would probably do to-morrow he could not be compelled for his creditors to do to-day would be in truth sticking in the bark; but, if we are to go to the very heart of the problem, is the case quite so clear? In point of fact, are not almost all of such policies taken out for the benefit of the wife, and does she not receive their proceeds in the overwhelming majority of cases in which she survives her husband? Must not the courts take judicial notice that under the present practice of many, probably of most, insurance companies, their ordinary form of policy reserves to the insured the right to change its beneficiary? This form they tender to an applicant for insurance, unless he asks for something else. He in most cases accepts it without a thought that he is not thereby making provision for his wife or his children. Is it quite worth while to shut one's eyes to facts like these, because it is legally possible on any day for the insured husband to take from his wife any chance of ever getting anything under his policy? The Circuit Court of Appeals for the Second Circuit (In re Hammel, 221 Fed. 56, 137 C. C. A. 80) thought not.

There has been no moment, since the issuance of the policy which the trustee now seeks, at which it had a surrender value payable to the bankrupt. It is true that, since it had a surrender value at all, there never has been a day upon which the bankrupt could not have had it made payable to himself; but it is equally sure that there is no evidence that there ever was an hour when he wished to do so, nor is there any reason to believe he ever did. The trustee asks that weight be given to substance rather than to form; but if it be given to the substance of things as in real life they are, and not to what in legal theory they may be, will he gain aught? The doctrine

approved in the Second Circuit will sometimes enable the bankrupt to apply to his own use the cash surrender value of policies for which his creditors' money has in fact paid. Such instances will be comparatively rare. The rule prevailing in the Fifth and Sixth Circuits will work hardship in a vastly greater number of cases. Under such circumstances, I feel constrained to stick to the letter of the statute, and to hold that the policy in question, on the day of the filing of the petition in bankruptcy, had no cash surrender value payable to the bankrupt, his estate, or his personal representatives, and that as a consequence it did not pass to his trustee.

This conclusion renders it unnecessary to consider whether such a policy is exempt under the Maryland statutes. Sections 8 and 9 of article 45 of the Code of Public General Laws exempt from liability for a man's debts any policy on his life taken out or assigned by him for the sole use of his wife or for her benefit. Whether these sections apply to such a policy as that now in controversy depends upon whether it is one which was taken out for the sole use or for the benefit of the wife. That, after all, is the same question which has already been asked and answered in passing upon the contention that, under paragraph 5 of section 70 of the Bankruptcy Act, it passed to the trustee. If the wife has a real interest in the policy, or if in any substantial sense it is for her benefit, it did not have a cash surrender value payable to the bankrupt. If she had not, it is not protected by the sections of the Maryland Code already mentioned.

Whether section 8 of article 83 is to be understood as exempting all life insurance policies, or their proceeds, from execution and seizure, and, if so, whether it is constitutional, in view of the language of section 44 of article 3 of the Constitution of Maryland, are questions that need not be here discussed, much less answered.

From what has been said, it follows that the petition of the trustee must be dismissed.

### Supplemental Opinion.

[1] The opinion in this case was handed down on November 2d. Three days later, and before any order had been entered, the Supreme Court, in Cohen v. Samuels, reversed the decree of the Circuit Court of Appeals for the Second Circuit (237 Fed. 796, 151 C. C. A. 38) holding that such policy as that now in controversy, unless exempt by state statute, passed to the trustee in bankruptcy.

[2, 3] Does the Maryland law exempt such policies? As was pointed out in the previous opinion, they are not exempt by virtue of sections 8 and 9 of article 45 of the Maryland Code, unless they are for the benefit of the wife, and the Supreme Court has ruled that they are not. Are they made immune by section 8 of article 83, which purports to exempt all money payable in the nature of insurance, benefit, or relief, in the contingency or event of sickness, accident, hurt, or death of any person, from execution or seizure in satisfaction of debt on a claim upon judgment in any civil proceeding? This language is plain enough. Nobody would raise any question as to what it means, if it were not that section 44 of article 3 of the state Constitution limits the power of the Legislature to grant

exemptions from execution of property not exceeding in value $500. In view of this limitation, it has been argued that the legislative intent must have been different from that which its words naturally import. This contention is not persuasive, nor may it be assumed that the General Assembly was either ignorant of the constitutional prohibition or indifferent to it. Whatever may or may not be true as to individual members, the court must assume that the General Assembly knew the·Constitution and sought to obey it. Nothing said or decided in Himmel v. Eichengreen, 107 Md. 612, 69 Atl. 511, or Dale v. Brumbly, 96 Md. 674, 54 Atl. 655, justifies the assumption that the power of the Legislature to exempt from execution can be exercised without limit as to value. In these cases it was held that what is now section 236 of article 23, which is the corporation law of the state, constitutionally exempts from liability to attachment all moneys, irrespective of the amount, payable under a certificate issued by a fraternal beneficial association. The decision was based on two grounds: (1) That attachment is not execution. (2) That the association in whose hands it was sought to attach the money would have no power under the laws of the state to pay any of that money to a creditor of one of its members. Neither of these reasons here applies. The restriction imposed by section 44 of article 3 of the Constitution must, until the Court of Appeals otherwise rules, be held binding; but, if so, it is unnecessary for the Legislature to say anything about it. It will of its own force be read into every act dealing with the subject.

Such was the interpretation put some 10 years ago upon section 8 of article 83 by Judges Wickes in the circuit court No. 2 in an unreported case. He was subsequently followed in this court by my learned predecessor, Judge Morris. That construction appears to be· in every respect reasonable, and will be here applied. The bankrupt has claimed an exemption of $100 out of the general assets of his estate. He has not received it. He will be entitled, upon payment to the trustee in bankruptcy of $1,225.85, which is $500 less than the surrender value of the policy, to hold it free of all claims of the trustee, but in full satisfaction of all exemptions to which, under section 8 of article 83, he is entitled.