HARFORD BANK OF BEL AIR *v.* HAVRE DE GRACE
BANKING AND TRUST COMPANY.

[No. 45, October Term, 1933.]

*Decided December 7th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*William H. Harlan,* with whom was *Charles MacNabb* on the brief, for the appellant.

*Lee I. Hecht* and *Lawrence W. Hecht,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

This is a controversy between judgment creditors of Maude R. Mitchell, the widow of Ralph M. Mitchell, deceased.

Ralph M. Mitchell, late of Harford County, deceased, died intestate, leaving surviving him his widow, Maude R. Mitchell, who was entitled to dower. A creditor's bill was filed, and in it the widow was made a party defendant. On March 3rd, 1931, she consented to a sale of all the land, except one farm, free of her dower, reserving the right to an allowance out of the proceeds in lieu of dower, and trustees to make sale were appointed by decree of March 4th, 1931. On March 3rd, 1931, a judgment was entered in the Circuit Court for Harford County against the widow in favor of the Havre de Grace Banking & Trust Company for the sum of $9,676.40. On March 26th, 1931, the Havre de Grace Banking & Trust Company filed a petition for an order directing the trustees to pay said company out of the proceeds of sale the amount awarded to the widow up to the amount of its judgment. On July 7th, 1931, the court passed an order directing the auditor, in stating his account,

to distribute any and all funds distributable to Maude R. Mitchell, under her election, to the petitioner, to apply on its judgment against her, subject to any objections that may be made to the ratification of the auditor's report. On February 23rd the auditor's report was filed, distributing to said petitioner for dower right of the widow one-ninth, $833.33. On April 10th, 1933, the Harford Bank of Bel Air, Maryland, filed a petition, reciting its recovery of a judgment in the Circuit Court for Harford County against said widow on March 24th, 1931, for the sum of $4,200, and the issuance of an attachment thereon by way of execution, and the laying thereof in the hands of the trustees, attaching the rights and credits of the widow in the hands of said trustees; the filing of the auditor's report aforesaid distributing the said sum of $833.33 to the Havre de Grace Banking & Trust Company in pursuance of the order of court of July 7th, 1931; denying that said company is entitled to said allowance; alleging that, by virtue of petitioner's attachment, it has a prior claim to said sum of $833.33, and is entitled to have that question tried at law in said attachment case; and objecting to the ratification of the audit as to said allowance; and praying that the court pass an order staying all further proceedings in any manner affecting the said sum distributed as the amount of the dower right of the widow in the proceeds of sale, until final judgment is entered at law in the attachment case. The court refused to sign an order *nisi* on said petition, and on April 11th, 1933, passed an order for a rehearing on the matter of the allowance to the Havre de Grace Banking & Trust Company, and directing that the Harford Bank be allowed to intervene and become a party to the equity proceeding, and that at said hearing the petition of said bank of April 10th, 1933, be fully considered and acted upon. On April 22nd, 1933, the Harford Bank filed exceptions to the refusal of the court to pass an order *nisi* on its petition, and to the court's order of April 11th, 1933, requiring it to intervene. On May 1st, 1933, the audit was finally ratified as to the allowance to the Havre de Grace Banking & Trust Company.

This appeal is from the refusal of the court to pass said order *nisi,* and from the court's order of April 11th, 1933, compelling the Harford Bank to intervene, and from the final order ratifying the audit as to the allowance of the portion of the proceeds of sale due Maude R. Mitchell to the Havre de Grace Banking & Trust Company. There is a motion by the appellee to dismiss the appeal on the ground "that the record filed in these cases (Nos. 45 and 46) shows that no such cases exist on the records of the Circuit Court for Harford County, from which these appeals purport to be taken." The party named as appellant was the one taking the appeal, and the party named as appellee was the one in whose favor the decree appealed from was passed. The case in which the decree was passed is correctly entitled in the record. The motion to dismiss is overruled.

We think *Harper v. Clayton,* 84 Md. 346, 35 A. 1083, 1086, is decisive of this case, and in that case it was held that a widow's right of dower in the lands of her deceased husband, before the same has been assigned and set off to her, is a mere chose in action, and cannot be taken in execution by her creditors; that, in the absence of a statute and in the absence of fraud or some other ground of equity jurisdiction, a court of equity has no power to subject the defendant's unassigned right of dower to the payment of her debts, and the court cited with approval from *Williams v. Reynolds,* 7 Ind. 622: "Equity will not subject choses in action to the payment of a judgment creditor, because equity only aids the law, and will, therefore, not interfere, except as to such property as may be sold on execution at law." See, also, *Freeman on Judgments* (5th Ed.), sec. 962; *Freeman on Executions* (3rd Ed.), sec. 373; *Scribner on Dower* (2nd Ed.), sec. 26; *Park on Dower,* 11 Law Library, side page 334; *Tiffany on Real Property,* page 806, note 65, citing *Harper v. Clayton, supra.*

In the present case, when the Havre de Grace Banking & Trust Company filed its petition in these proceedings, its judgment was not a lien on the dower interest of the widow; it could not have had execution against that interest; it could not, therefore, by intervening in these proceedings,

458

obtain a lien against such sum of money as might be awarded her in consideration of her consenting to the sale free of her dower. The contention that the appellant is estopped by its failure to except to the ratification of the audit within the time allowed by the order *nisi* is answered adversely to the contention by *Calvert v. Carter,* 18 Md. 110 and *McCullough v. Pierce,* 55 Md. 547. It follows that the decree finally ratifying the audit must be reversed. This conclusion makes it unnecessary to pass on the other order appealed from and the refusal of the court to pass an order *nisi* on the appellant's petition.

> *Decree ratifying the audit as to the allowance to the Havre de Grace Banking & Trust Company of the portion of the proceeds of sale due Maude R. Mitchell, reversed, with costs to the appellant, to be paid by the Havre de Grace Banking & Trust Company, and case remanded that a decree may be passed amending the audit in accordance with this opinion.*