SOUTHALL *v.* BLOUNT *et al.*

No. 11218. APRIL 17, 1936.

*Thomas L. Hill* and *Fleming & Fleming,* for plaintiff.

*Pierce Brothers* and *Hull, Barrett & Willingham,* for defendant.

HUTCHESON, J.   T. J. Southall, the holder of a fi. fa. against Mrs. Mollie E. Blount, sued out a garnishment based on the fi. fa., which was served on Sovereign Camp of the Woodmen of the World. The garnishee answered indebted in the sum of $1039.51, but alleged that said sum was exempt from garnishment under the Code of 1933, § 46-213 (Ga. Laws 1914, pp. 99, 112).   The defendant in fi. fa. filed her intervention in which she adopted the answer of the garnishee, and prayed that the fund be ordered paid over to her.   The plaintiff filed a traverse and a motion to strike the answer of the garnishee, on the grounds that § 46-213 is violative of article 9, sections 1 and 4, of the constitution of the State, in that the constitution specifies what property of a debtor is exempt from claims of creditors, and is exhaustive of the subject-matter of exemptions; that as money is not included in the property so specified, the legislature is without authority to exempt it from the claims of creditors.   The court held the statute constitutional as against this attack, discharged the garnishee, and ordered the fund paid to the defendant in fi. fa.   The plaintiff excepted.

The Code of 1933, § 46-213, provides that "No money or other benefit, charity or relief, or aid to be paid, provided, or rendered by any fraternal benefit society mentioned in section 56-1601 shall be liable to attachment, garnishment, or other process, or be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary, or any other person who may have a right thereunder, either before or after payment."   Article 9, section 1, of the constitution of the State is as follows:   "There shall be exempt from

levy and sale by virtue of any process whatever under the laws of this State, except as hereinafter excepted, of the property of every head of a family, or guardian or trustee of a family of minor children, or every aged or infirm person, or person having the care and support of dependent females of any age, who is not the head of a family, realty or personalty, or both, to the value in the aggregate of sixteen hundred dollars." Article 9, section 4, provides that "The General Assembly shall provide by law, as early as practicable, for the setting apart and valuation of said property. But nothing in this article shall be construed to affect or repeal the existing laws for exemption of property from sale, contained in the present Code of this State . . and the acts amendatory thereto. It may be optional with the applicant to take either, but not both of such exemptions." See Code of 1933, §§ 51-1301 to 51-1405, 51-1501, 51-1502, 51-1504.

The exemption provided for in art. 9, sec. 1, does not include money as subject to exemption. Code of 1933, § 51-601. The purpose of the constitution in providing that certain property shall be exempt from levy and sale was not to prohibit any other species of property from being declared exempt, but to guarantee the exemption of the property specified for the benefit of the persons entitled thereto, to be set aside in the manner to be provided by the General Assembly under art. 9, sec. 4. Even if the legislature may not amend the homestead exemptions provided for in the constitution, so as to lessen or extend the exemption as to the species of property therein dealt with (see Duncan v. Barnett, 11 S. C. 333, 32 Am. R. 476; Ketchin v. McCarley, 26 S. C. 1, 11 S. E. 1099, 4 Am. St. R. 674), the constitutional provisions are not exhaustive as to other species of property. Himmel v. Eichengreen, 107 Md. 610 (69 Atl. 511). The legislature in enacting the statute attacked was dealing with a different species of property from that dealt with in the constitution. As was said by the Florida Supreme Court in passing on the constitutionality of a similar statute in that State (Milam v. Davis, 97 Fla. 916, 123 So. 668, 688), "The organic exemption was not intended to apply to life insurance acquired and payable as in this case, for the reason that such insurance is a peculiar species of property payable for the benefit of the family after the death of the insured, and the proceeds collectible after his death are not a part of the 'personal property'

owned by the head of a family, as contemplated by article 10 of the constitution of 1885." In construing the above-quoted portion of the opinion of the Florida court the United States Circuit Court of Appeals, in Cooper *v.* Taylor, 54 Fed. (2d) 1055, said: "Two propositions, it seems to us, are announced in the language above quoted: first, that the constitutional exemption is not exclusive, or a limitation upon legislative power; and secondly, that life-insurance is personal property of such peculiar nature that the constitutional exemption was not intended to apply to it." We are of the opinion that art. 9, secs. 1 and 4, of the constitution of this State and § 46-213, supra, should be similarly construed. It follows that the court did not err in holding § 46-213 constitutional as against the attack made upon it.

> *Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs specially.