In The Matter of Hyman R. POSIN.
No. 10956.

United States District Court
D. Maryland.
May 6, 1960.

---

J. Martin McDonough, Piper & Marbury, Baltimore, Md., for bankrupt.

Benjamin B. Brown, Washington, D. C., for trustee.

Joseph O. Kaiser, Baltimore, Md., referee.

R. DORSEY WATKINS, District Judge.

### Question Presented

In this case, a petition by the bankrupt to review an order of the Referee in Bankruptcy approving the Trustee's report of exemptions allowed the bankrupt, the sole question is:

Is the $500 limitation of Article III, section 44 of the Constitution of Maryland applicable to the exemption created by Article 48A, section 166 of the Maryland Code of Public General Laws (1957 Edition) for the cash surrender values of policies of life insurance made for the benefit of the wife or children of the insured-bankrupt?

The Referee answered this question in the affirmative.

### Facts

The bankrupt's schedules showed liabilities of $734,068.28 and assets of $14,199.42. In the assets were seven policies of life insurance. The cash value of a National Service Life Insurance Policy was allowed the bankrupt as an exemption, and further exemptions, totalling $500, were also allowed as follows:

| | |
|---|---|
| Wearing apparel | $25.00 |
| Watch | 4.00 |
| Massachusetts Mutual Life Insurance Policy No. 2315410 | 392.35 |
| Massachusetts Mutual Life Insurance Policy No. 2315411 | 78.65 |
| | $500.00 |

The Trustee refused to allow the remaining cash surrender value of Policy No. 2315411, or any of the cash surrender values of four other policies, as exempt, on the ground that Article III, section 44 of the Constitution of Maryland limited the bankrupt's total permissible exemptions to $500, and the above exemptions, allowed under the law of Maryland, equalled that amount. The bankrupt duly excepted to the failure to allow him the full amount of the cash surrender values of the insurance policies on his life. A hearing was had upon the exceptions, at which no testimony was taken, but it was stipulated that there was nothing material to the question here presented, in the charters or by-laws of the insurance companies involved; that in each of the policies the wife or children of the bankrupt were named as the beneficiaries, the bankrupt reserving the right to change the beneficiary; and that the bankrupt had no creditors whose claims antedate July 1, 1945.

### Statute and Constitutional Provision Involved

Present section 166 of Article 48A of the 1957 Maryland Code of Public General Laws, enacted in 1945, reads as follows:

"The proceeds, including death benefits, cash surrender and loan values, premiums waived, and dividends, whether used in the reduction

of the premiums or in whatsoever manner used or applied, excepting only where the debtor has, subsequent to the issuance of the policy, actually elected to receive dividends in cash, of any policy of life insurance or under any annuity contract upon the life of any person heretofore or hereafter made for the benefit of or assigned to the wife or children or dependent relative of such person, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after June 1, 1945, whether or not the right to change the named beneficiary is reserved or permitted to such person. The provisions of this section shall not prohibit any creditor from collecting the amount of any debt out of the proceeds of any life insurance policy pledged by the insured as security for such debt.

"A change of beneficiary or assignment or other transfer shall be valid except in cases of transfer with actual intent to hinder, delay, or defraud creditors. (Ann.Code, 1951, § 170; 1945, ch. 864.)"

Section 44 of Article III of the Constitution of Maryland, first appearing in the Constitution of 1851, is as follows:

"Laws shall be passed by the General Assembly, to protect from execution a reasonable amount of the property of the debtor, not exceeding in value, the sum of five hundred dollars."

## Positions of the Parties

The Trustee and Referee take the position that the constitutional limitation must be read into section 166 of Article 48A. The bankrupt contends that the constitutional limitation is applicable only with respect to property subject to "execution"; that a policy of insurance is a chose in action, not subject to execution; that the Legislature can exempt from claims of creditors all or any part of a chose in action, without limitation as to value; and that section 166 of Ar-

ticle 48A validly exempts the entire cash surrender values of the policies in question from all claims of creditors.

So far as can be determined, this precise question has never been passed upon by any Maryland court in any reported decision.

## Discussion

An insurance policy is a chose in action. In Rittler v. Smith, 1889, 70 Md. 261, at page 265, 16 A. 890, 892, 2 L.R.A. 844, the court expressly so held, saying:

"It is settled law in this state that a life insurance policy is but a chose in action for the payment of money, and may be assigned as such under our act of 1829, ch. 51. Insurance Company v. Flack, 3 Md. 341; Whitridge v. Barry, 42 Md. 150."

That at common law a chose in action could not be reached in execution by a fieri facias was pointed out in 1831 by Chancellor Bland in Coombs v. Jordan, 3 Bland Ch. 284, at pages 314–315 where he said:

"At the time when the principles of the common law in relation to the distinction between real and personal property became established, but a small proportion of the property of the community seems to have been of that incorporeal kind which is now so very large in amount and so productive. Hence, in the spirit of the simplicity of the common law, it was deemed safest and best to confine the power of the creditor over the property of his debtor to that alone which was visible, tangible and capable of being distinctly valued, sold and transferred, as affording an ample scope for the creditor to obtain the satisfaction to which he was entitled.

"Upon these principles the writ of fieri facias was framed, and in concise and general terms expressed the nature and extent of the sheriff's power and duty. The language of the execution imports, that the goods and chattels, which are the subject of it, are property of a tangible na-

ture, capable of manual seizure, and of being detained in the sheriff's custody, and such as are conveniently capable of sale and transfer by the sheriff, to whom the writ is directed, for the satisfaction of a creditor."

The existence of this rule, and its practical effect, were demonstrated in Harford Bank of Bel Air v. Havre de Grace Banking & Trust Co., 1933, 165 Md. 454, 457, 169 A. 315, and Harper v. Clayton, 1896, 84 Md. 346, 35 A. 1083, 35 L.R.A. 211, where it was held that a widow's right to dower, before it had been assigned and set off to her, "is a mere chose in action, and cannot be taken in execution by her creditors * * *" [165 Md. 454, 169 A. 316].

Chief reliance by the Trustee and by the Referee is placed upon the Supplemental Opinion of Judge Rose in In re Jones, D.C.Md.1917, 249 F. 487. In his original opinion, filed November 2, 1917, Judge Rose had held that a policy on the life of the bankrupt, payable to his wife, with the right reserved to the bankrupt to change the beneficiary without her consent, but which on the day of the filing of the petition of bankruptcy was still payable to the wife, "had no cash surrender value payable to the bankrupt, his estate, or his personal representatives, and that as a consequence it did not pass to his trustee." 249 F. at page 490. He therefore found it unnecessary to consider whether such a policy was exempt under sections 8 and 9 of Article 45 of the Maryland Code of Public General Laws, or under section 8 of Article 83 of such Laws, and if under the latter section, were that section to be construed as exempting all life insurance policies, or their proceeds, from execution or seizure, whether or not the section was constitutional in view of section 44 of Article III of the Constitution of Maryland.

On November 5, 1917, the United States Supreme Court in Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143, held that policies similar to the one Judge Rose had considered, passed to the trustee in bankruptcy *unless exempt by state statute.* This problem was discussed by Judge Rose in a Supplemental Opinion as follows (249 F. 490–491):

"Does the Maryland law exempt such policies? As was pointed out in the previous opinion, they are not exempt by virtue of sections 8 and 9 of article 45 of the Maryland Code, unless they are for the benefit of the wife, and the Supreme Court has ruled that they are not. Are they made immune by section 8 of article 83, which purports to exempt all money payable in the nature of insurance, benefit, or relief, in the contingency or event of sickness, accident, hurt, or death of any person, from execution or seizure in satisfaction of debt on a claim upon judgment in any civil proceeding? This language is plain enough. Nobody would raise any question as to what it means, if it were not that section 44 of article 3 of the state Constitution limits the power of the Legislature to grant exemptions from execution of property not exceeding in value $500. In view of this limitation, it has been argued that the legislative intent must have been different from that which its words naturally import. This contention is not persuasive, nor may it be assumed that the General Assembly was either ignorant of the constitutional prohibition or indifferent to it. Whatever may or may not be true as to individual members, the court must assume that the General Assembly knew the Constitution and sought to obey it. Nothing said or decided in Himmel v. Eichengreen, 107 Md. 612, 69 Atl. 511, or Dale v. Brumbly, 96 Md. 674, 54 Atl. 655, justifies the assumption that the power of the Legislature to exempt from execution can be exercised without limit as to value. In these cases it was held that what is now section 236 of article 23, which is the corporation law of the state, constitutionally exempts from liability to attachment all moneys, irrespective

of the amount, payable under a certificate issued by a fraternal beneficial association. The decision was based on two grounds: (1) That attachment is not execution. (2) That the association in whose hands it was sought to attach the money would have no power under the laws of the state to pay any of that money to a creditor of one of its members. Neither of these reasons here applies. The restriction imposed by section 44 of article 3 of the Constitution must, until the Court of Appeals otherwise rules, be held binding; but, if so, it is unnecessary for the Legislature to say anything about it. It will of its own force be read into every act dealing with the subject."

Judge Rose, by holding that the policy in question was not, under Cohen v. Samuels, supra, "for the benefit of the wife" and hence was not exempt under sections 8 and 9 of Article 45 of the Maryland Code, found it unnecessary to consider any constitutional question as to those sections. He did determine that section 44 of Article III of the Constitution of Maryland, limiting the value of property protected from *execution,* should be read into section 8 of Article 83 of the Maryland Code, which exempted insurance monies "from execution or seizure in satisfaction of debt or claim upon any judgment in any civil proceedings." This was then the only provision of Maryland law granting any exemption as to ordinary insurance; and the holding was that under this section the bankrupt was entitled to an exemption of only $500 of the cash surrender value.

It will be noted that Judge Rose in referring to Himmel v. Eichengreen, 1908, 107 Md. 610, 69 A. 511, states that nothing therein "justifies the assumption that the power of the Legislature *to exempt from execution can be exercised without limit as to value.*" 249 F. at page 491;

emphasis supplied. He further accepted, without apparent question, the holding in that case, which he tersely stated as: "That attachment is not execution." He concludes, however, that that reason was inapplicable to the case he had to decide.[1]

In Himmel v. Eichengreen, 1908, 107 Md. 610, 69 A. 511, cited by Judge Rose, plaintiff-creditor had laid a writ of attachment against a nonresident defendant-debtor in the hands of a fraternal beneficial association as garnishee, to attach $250 due the defendant-debtor as beneficiary of a deceased certificate holder. Motions to quash were filed on the ground that the fund was a "benefit" which under section 217 of Article 23 of the Maryland Code of Public General Laws (1904 edition) "shall not be liable to attachment by trustee, garnishee or other process and shall not be seized, taken, appropriated or applied" to discharge any debt of a certificate holder or any one having a right thereunder. The creditor contended that the statute was in conflict with section 44 of Article III of the Constitution of Maryland. The lower court sustained the motions to quash. In affirming, the Court of Appeals said (107 Md. at page 614, 69 A. at page 512, emphasis supplied):

"There is no force in the second objection to the Act, that it violates the provisions of Article 3, § 44, of the Constitution, relating to the exemption from execution of the property of the debtor, not exceeding in value the sum of five hundred dollars.

"There can be no reason for the assertion of this objection in the case at bar because if available, the amount in question does not exceed the sum of five hundred dollars.

"The limitation however prescribed by the Constitution under Article 3, § 44, *clearly relates to the*

---

1. The correctness of the conclusion is certainly not obvious, and is questioned in an excellent article by Professor Bridgewater M. Arnold: "Life Insurance as an Asset Available to Creditors in Maryland," 1942, 6 Md.L.Rev. 275, 291–301.

*exemption of property from execution, and is not applicable to cases of exemption from attachment,* of 'money or other benefits' payable under a certificate issued by a fraternal association, as in this case. In *Dale* v. *Brumbly,* 96 Md. 674, 54 A. 655, the amount involved under the certificate was $3,000. We there said 'The Act of 1894, ch. 295, which was in force at the date of the last-named assignment, declares that such associations are organized and carried on for the sole benefit of its members and their beneficiaries and not for profit. It also provides that the fund or benefit shall not be liable to be applied by any legal process or by operation of law to pay any debt or liability of a certificate holder,' etc.

"The association would have no power then, under its Constitution or the laws of the State to pay the fund to a creditor of the deceased.

"In *Coward* v. *Dillinger,* 56 Md. 59, it is said: 'All property within the limits of the state, whether owned by residents or nonresidents, is subject to its laws, and the State has the right to prescribe how and in what manner such property shall be subjected to the claims of creditors. It is upon this principle that attachment laws are founded.'

*"We think that an attachment is not such an execution as was intended to be affected by the constitutional provision here relied upon."*

The court clearly distinguished between attachment and execution. In terms, it restricted the limitation of section 44 of Article III of the Constitution of Maryland to executions. This distinction would appear to have been necessary to the decision of the case, since the statute under consideration purported to give complete exemption to benefits without limitation as to amount. Even if dictum, it appears to be the only pronouncement by the Maryland Court of Appeals on the Constitutional provision in question.

In Whiting v. Squires, 4 Cir., 1925, 6 F.2d 100, certiorari denied, 1926, 269 U.S. 587, 46 S.Ct. 203, 70 L.Ed. 426, the court[2] construed a provision of the North Carolina Constitution exempting personal property to the value of $500, "from sale under execution or other final process of any court", Const. art. 10, § 1; and another constitutional provision permitting a husband to insure his own life for the "sole use and benefit of his wife and children", Const. art. 10, § 7, and providing that upon death in such cases, the proceeds should be paid to the beneficiaries, free of the claims of the representatives or creditors of the husband. The court held that, as at the time of the bankruptcy petition, the bankrupt had reserved the right to charge the beneficiaries, the cash surrender value under Cohen v. Samuels, supra, passed to the trustee in bankruptcy.[3]

In re Cooper's Estate, D.C.Md.1928, 28 F.2d 438, Judge Coleman held that the trustee was not entitled to the cash surrender value of a policy assigned absolutely to the bankrupt's wife, but was entitled to the cash surrender value of two policies payable to the wife in which the right to change the beneficiary was reserved. As to the allowable exemption, Judge Coleman held that section 8 of Article 83 of the Maryland Code alone was applicable; that the cash surrender value was not "money payable in the nature of insurance", but was "property", as to which the bankrupt was entitled only to a $100 exemption.

The same question again came before the Maryland District Court. Judge Soper followed Judge Rose's decision (In re Jones, D.C.Md.1917, 249 F. 487) rather than that of Judge Coleman (In re Cooper's Estate, D.C.Md.1928, 28 F.2d 438). This unreported decision was affirmed on appeal, Hickman v. Hanover, 4 Cir., 1929, 33 F.2d 873. The only ques-

---

2. Judge Rose was then a Circuit Judge, who sat in the case.

3. The debtor had the right to select his exemption from any personal property.

tion argued on appeal was whether or not the proper exemption was $100 or $500, it being "conceded" in argument that the exemption could not exceed $500. The possibility of a total exemption was neither raised nor discussed. Certain language in the opinion is, however, significant upon the approach applicable to the construction of exemption statutes.

In 1945 the Maryland Legislature enacted a statute which is presently section 166 of Article 48A of the 1957 Maryland Code of Public General Laws, previously quoted in full. The significant provisions are:

"The proceeds, including * * * cash surrender and loan values * * * of any policy of life insurance * * * upon the life of any person heretofore or hereafter made for the benefit of or assigned to the wife or children or dependent relative of such person, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after June 1, 1945, whether or not the right to change the named beneficiary is reserved or permitted to such person. * * * "

Since property which is exempt does not pass to the trustee (11 U.S.C.A. § 110, sub. a.) and bankrupts are entitled to the allowance of the exemptions prescribed by State laws (11 U.S.C.A. § 24), section 166 of Article 48A in terms would make Cohen v. Samuels, 1917, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143 inapplicable, and if valid under Maryland law, would likewise carry exemption under the Bankruptcy Laws. Holden v. Stratton, 1905, 198 U.S. 202, 25 S.Ct. 656, 49 L.Ed. 1018; Hickman v. Hanover, 4 Cir., 1929, 33 F.2d 873. The language of the Fourth Circuit in that case, although directed to the only question presented on appeal—whether a $500 or $100 exemption should apply—is applicable to the broader coverage of section 166 of Article 48A. In Hickman the court said (33 F.2d at page 874):

" * * * While there are a few cases which hold that exemption statutes should be strictly construed,

the better and almost universal rule is that such statutes should receive a liberal construction in favor of the debtor in order to advance the humane purpose of preserving to the unfortunate or improvident debtor or his family the means of obtaining a livelihood and prevent them from becoming a charge upon the public. 11 R.C.L. 492, and cases cited; 25 C.J. 10, and cases cited.

"We think the plain purpose of the statute was to encourage men to insure their lives for the benefit of their families. The Legislature evidently attached more importance to the exemption of insurance than to the exemption of other property, for in the latter case it was limited to the small sum of $100. The cash surrender value is certainly within the spirit of the statute, and we do not think that we put any strain upon the statute by holding that it is within its terms. Nowadays, nearly all, and possibly all, life policies have a cash surrender value clause. The cash surrender value is an ordinary incident to these policies. * * * "

■ Applying this approach to the holding in Himmel v. Eichengreen, 1908, 107 Md. 610, 614, 69 A. 511, the court is of the opinion that the Maryland Court of Appeals would hold that section 166 of Article 48A of the Maryland Code of Public General Laws is not subject to the $500 limitation of section 44 of Article III of the Constitution of Maryland.

■ The court realizes that an attachment on judgment, as distinguished from attachment on original process, is said to be an execution, and that "its office is the same as that of a fieri facias, and that it must be governed by the same rules and principles" (2 Poe, Practice, Tiffany's Ed.1925, section 690); but "it is not final process in all respects like a fi. fa. * * * it is also, at the same time, rather in the nature of an interlocutory proceeding, designed as the be-

ginning of a process either in rem or in personam, under which a final judgment of condemnation may be obtained, and when obtained, may be enforced by the effective writ of fieri facias. In other words, while it has some of the attributes of an execution, it has, at the same time, especially against the garnishee, many qualities of mesne process. * * " (Ibid.)

If, then, to enforce an attachment on judgment a judgment of condemnation, in turn to be enforced by a writ of fieri facias, is necessary, the attachment on judgment would not seem of itself to be execution, but a step toward securing an execution. The language in the Eichengreen case, supra, (107 Md. at page 614, 69 A. at page 512) that Article 3, section 44 of the Constitution "clearly relates to the exemption of property from execution and is not applicable to cases of exemption from attachment" and that "an attachment *is not such an execution*[4] as was intended, to be affected by the constitutional provision here relied upon" is therefore broad enough and its underlying purport would seem intended, to cover attachments against choses in action, whether on original process or on judgment. The fact that the trustee in bankruptcy has the rights of a lien creditor (11 U.S.C.A. § 110 sub. c) would not alter the applicability of this conclusion, if otherwise correct, to him.

The court is in agreement with the persuasive argument in Professor Arnold's article, 6 Md.L.Rev. at page 297, that it is unlikely that the Maryland Constitution would make a procedural question—attachment on original process, or on judgment—the test for the exemption vel non of a chose in action. As he well concludes:

"* * * It would seem far more likely that what the framers of the Constitution had in mind was to provide for the kind and amount of property that could be exempted, and that they of purpose, by the use of the word 'execution', refused to place any restriction on the legislature's power to exempt property not reachable by execution, such as choses in action. The possibility of creditors seeking to subject such things as pensions to the satisfaction of their claims could well have been in the minds of the framers. And, by the same token, the protection of one's family through the device of insurance could well be considered an end socially to be desired. Free rein should be given to the legislative branch of the government so that it might adequately protect this property from creditors free from constitutional restraint. * * * "[5]

The court accordingly holds that the bankrupt's objections to the Trustee's report of exemptions should be sustained; that the order of the Referee to the contrary should be and hereby is reversed; and the Referee is directed to allow as exemptions the full amounts of the cash surrender value of the policies here in question.

### Appendix

Various provisions of Maryland Constitution and Public General Laws dealing with exemption from execution, attachment, etc.

1. Maryland Constitution:

Section 44. Article III

"Laws shall be passed by the General Assembly, to *protect from execution* a reasonable amount of the property of the

---

4. Emphasis supplied.

5. There is attached hereto as an Appendix a compendium of the exemptions from execution, attachment, etc. of the Constitution of Maryland and the Maryland Code of Public General Laws, 1957 Edition. These show that execution is not synonymous with attachment. While it may be questioned why "money" should be exempt from "execution", e. g., with respect to the deaf, pensions, and Workmen's Compensation, the reason is probably an excess of caution, as in the well-known case in which the son-in-law being advised of his mother-in-law's demise was asked whether the "remains" should be embalmed, buried or cremated, and replied: "Do all three; take no chances!"

debtor, not exceeding in value, the sum of five hundred dollars."

2. Maryland Code:

Article 9, attachment of Wages or Hire.

Sec. 31. Exempts from *attachment* not only $100 of wages due, but *all* salary or wages not actually due at the date of the *attachment*.

Article 23. Corporations.

Sec. 164. Cemetery lots "shall not in any manner be subject to *attachment or execution for debt or affected by the insolvent law* of this State."

Article 30. Deaf, Mute or Blind.

Sec. 21. " * * * none of the money paid or payable under this subtitle shall be subject to *execution, levy, attachment, garnishment or other legal process,* or to the operation of any bankruptcy or insolvency law."

Article 45. Husband and Wife.

Sec. 8. " * * * and any husband may cause his own life to be insured for the sole use of his wife * * *; and in case of the wife *surviving* her husband, the sum or net amount of such insurance becoming due and payable by the terms of the insurance shall be payable to her for her own use, free from the claims of the representatives of her husband, or any of his creditors."

Sec. 9. "All policies of life insurance upon the life of any person which may *hereafter mature,* and which have been or shall be taken out for the benefit of or bona fide assigned to the wife or children or any relative dependent upon such person or any creditor shall be vested in such wife or children or creditor, free and clear from all claims of the creditors of such insured person."

Article 47. Insolvents.

Sec. 1. Debtor required to turn over all his property except "the necessary wearing apparel and bedding of himself and family, and such property as may by law be exempted from execution."

Article 48A. Insurance.

Sec. 165. Insurance by wife on husband's life. Payment on husband's death to wife *"free from the claims* of the representatives of the husband or of any of his creditors."

Sec. 166. Quoted in opinion.

Sec. 293. "No money or other benefit, charity or relief or aid to be paid, provided or rendered by any [fraternal benefit association] shall be liable to *attachment, garnishment* or other process, or be seized, taken, appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary * * * ".

Article 73A. Partnerships.

Sec. 25(2) (c). " * * * a partner's right in specific partnership property is not subject to *attachment* or execution, except on a claim against the partnership."

Article 73B. Pensions.

Sec. 17. All rights under this Article "shall not be subject to *execution, garnishment, attachment,* or any other process whatsoever."

Article 83. Sales and Notices.

Sec. 8. "One hundred dollars in property, whether the same consists of money, land or goods, for every defendant, as well as all money payable in the nature of insurance, benefit or relief in the contingency or event of sickness, accident, hurt or death of any person, shall be exempt from *execution or seizure in satisfaction of debt or claim upon any judgment* in any civil proceedings, except on judgments for breach of promise to marry or for seduction."

Sec. 9. "Each defendant in any such *execution* may select property, real or personal, to the value of one hundred dollars, to be ascertained by three disinterested appraisers to be summoned and sworn by the officer at the time of *levying the execution;* and the appraisement signed by the appraisers shall be returned with the writ."

Sec. 11. "All wearing apparel * * shall be *exempt from execution, * *."*

Article 88B. State Police.

Sec. 60. "The right of a person to a pension, an annuity or a retirement al-

lowance, to the return of contributions, the pension, annuity or retirement allowance itself, any optional benefit or death benefit, or any other right accrued or accruing to any person under the provisions of this subtitle, and the moneys in the various funds created by this subtitle, shall not be subject to *execution, garnishment, attachment, or any other process* whatsoever, and shall be unassignable except as in this subtitle specifically provided."

Article 101. Workmen's Compensation.

Sec. 50. "No money payable under this article shall prior to issuance and delivery of the warrant or voucher therefor, be capable of being assigned, charged or taken in *execution* or *attachment*."