## S. S. BENTON

*v.*

### THE BROTHERHOOD OF RAILROAD BRAKEMEN.

*Filed at Ottawa March 31, 1893.*

1. BENEFIT SOCIETY—*interest of beneficiary in certificate during member's life.* The person designated in or by the certificate of membership of the assured, during the lifetime of the latter, has no vested interest in the certificate or the money that may become payable thereunder. The position and rights of the beneficiary become vested at the death of the assured.

2. SAME—*laws of, to be construed prospectively.* The laws and rules of a benefit society should be subject to the same course of construction that is applied to statutes. They both should be so construed as to give them a prospective operation, and they should be allowed to operate retrospectively only when the intention to give them such operation is clear and undoubted.

3. The holder of a certificate of insurance issued by a mutual benefit society in accordance with its terms and the laws of the society, made his mother the payee or beneficiary, by assignment to her. After this, and shortly before the member's death, the constitution of the order was amended to read as follows: "When marriage is contracted

after the issuance of a policy, and said policy becomes payable through death, *it shall be paid to the widow,* * * * *unless otherwise ordered.*" The member married before his death and left a widow, but made no change in the assignment to his mother:   *Held,* that the insurance money was payable to the mother, and not to the widow of the deceased member.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a bill in chancery, brought by Mrs. S. S. Benton against the Brotherhood of Railroad Brakemen, to recover the sum of $1000 and interest, claimed to be due her upon a certain instrument, in the nature of a policy of insurance, issued by the defendant to Fletcher D. Benton, the complainant's son, and by his indorsement thereon, made payable to her. The instrument or policy in question was dated May 8, 1888, and the material portions of it were as follows:

"This policy of insurance witnesseth:   That the Brotherhood of Railroad Brakemen, in consideration of the grand dues to them duly paid, in accordance with the provisions of the constitution of said brotherhood, by Fletcher D. Benton, and of the annual payment of such grand dues every year, during the continuance of this policy, do insure the life of said member, Fletcher D. Benton.

"And the said brotherhood do hereby promise and agree, to pay the amount of insurance that may, at the time of the death of said insured, be justly due and owing, according to the provisions of said constitution, as well as the like sum in case of disability of said assured, in accordance with the terms and conditions further provided in said constitution; the said sum or sums to be paid as stipulated therein, to and for the sole use of such person or persons to whom this policy shall be made assignable by said assured, and if such person or persons shall, at the death of such assured, be not living, then to the nearest heir or heirs, on receiving proof of the

death of said assured, and the identity and proof of right in claimant to inherit the same, according to the requirements of said constitution, any indebtedness to the brotherhood on account of this policy being first deducted therefrom.

"In every case when this policy shall cease and terminate, or shall be null and void by reason of immoral or other misconduct, and the assured shall forfeit his membership in this lodge, according to the provisions of the constitution of this brotherhood, then all payments thereon shall be forfeited to the brotherhood, and this policy shall be cancelled."

On the back of the instrument appears the following indorsement, which was placed there by Fletcher D. Benton on the day the instrument was executed:

"Payable to Mrs. S. S. Benton. Relationship, mother. Residence, Dalton, N. Y. I hereby direct the payment of the within policy to the above named person.

F. D. BENTON."

The case was heard in the Circuit Court on pleadings and proofs, the facts all appearing by stipulation of the parties, and being, in substance, as follows:

Fletcher D. Benton joined the Brotherhood of Railroad Brakemen May 8, 1888, and remained in good standing as a member of Mt. Kilbourne Lodge until his death, which occurred November 27, 1888. He took out a certificate on May 8, 1888, the material portions of which are given above, and which was duly countersigned and delivered, and became binding May 11, 1888. On receiving his certificate, he designated Mrs. S. S. Benton, his mother, the complainant herein, as his beneficiary, in case of his death, by a proper indorsement then and there made, the foregoing being a copy of such indorsement. On the 5th day of October, 1888, he married Minnie A. Osgood, who survives him as his widow.

The Brotherhood of Railroad Brakemen, at a convention, the sessions of which extended from October 17 to October 27, 1887, adopted a constitution and by-laws for the government

of the order, which constitution and by-laws were in full force at the date of Benton's certificate of membership. On the 17th day of October, 1888, the brotherhood again assembled in convention, the sessions of that convention extending to and including the 26th day of that month, and at that convention the brotherhood adopted an amended constitution and by-laws. Copies of the constitution and by-laws, both of 1887 and 1888, are exhibited in evidence.

By both constitutions, the amount payable on the death or disability of a member was fixed at $1000. The most material change in the organic law of the brotherhood made by the revised constitution of 1888, resulted from the adoption as a part of that constitution of the following section:

"Any brother desiring to make a transfer of his benefit policy, can do so in writing on the back of his policy, and in the form prescribed for that purpose, to be attested to by the secretary of the lodge, under the lodge seal. Should a second transfer be desired, a duplicate policy shall be issued by the grand secretary and treasurer, upon the return of the old policy. Where marriage is contracted after the issuance of policy, and said policy becomes payable through death, it shall be paid to the widow, or in the event of her death, to their joint issue, if any, unless otherwise ordered. All transfers of benefit policies shall be recorded in the membership and policy register of the subordinate lodge and in the grand lodge."

Proof of the death of Fletcher D. Benton was made and served January 1, 1889, and Mrs. S. S. Benton demanded of the brotherhood payment to her, such demand being made March 1, 1889. On the 1st day of May, 1889, the brotherhood having learned that the deceased member left a widow surviving him, paid the amount of the policy to her. It is admitted that payment was due either to the complainant or to the widow.

On the foregoing facts, the court found that the equities were with the defendant, and entered a decree dismissing the bill, at the complainant's costs, for want of equity. On appeal by the complainant to the Appellate Court, the decree was affirmed, and the present appeal is from the judgment of affirmance.

Mr. James McKenzie, and Messrs. Pepper & Scott, for the plaintiff in error.

Messrs. Williams, Lawrence & Bancroft, and Mr. M. J. Dougherty, for the defendant in error.

Mr. Chief Justice Bailey delivered the opinion of the Court:

It being admitted that the amount payable upon the membership certificate of Fletcher D. Benton is due from the Brotherhood of Railroad Brakeman, and should be paid either to Benton's widow or to the complainant, the only question presented by this appeal is, which of these parties is legally entitled to such payment? The decision of this question must depend upon the construction and legal effect to be given to the amendment to the constitution of the brotherhood adopted in October, 1888. It can not be doubted that the indorsement made by Benton upon his membership certificate at the time it was issued was a sufficient designation of his mother as his beneficiary, under the then existing laws of the brotherhood. In fact, this was expressly admitted at the hearing. And it is not pretended that any change was afterwards made by him in that indorsement, the fair conclusion from the facts admitted being, that it remained precisely as he wrote it, down to the time of his death. Nor is it claimed that he, by any affirmative act, except by his marriage, ever attempted to designate any other beneficiary.

It is undoubtedly true that the complainant, during Benton's lifetime, acquired, by virtue of the indorsement, no vested interest in the certificate, or in the money that might become

payable thereunder. Her title to the position and rights of beneficiary became vested, if at all, at Benton's death, and must depend upon the facts as they then existed. *Martin* v. *Stubbings*, 126 Ill. 387. It may also be conceded, perhaps, that, by the terms of the constitution adopted in 1887, the brotherhood had reserved to itself the power to so amend its rules as to modify its legal relations to its members, and even to set aside the designation of a beneficiary already made by the member, and designate another beneficiary instead. The question is, whether, upon a proper construction of the amended constitution, it must be deemed to have attempted to exercise that power in the present instance.

The amended section upon which reliance is placed provides a mode in which the members may designate their beneficiaries, or may make a second designation, and then provides as follows: "Where marriage is contracted, after the issuance of a policy, and said policy becomes payable through death, it shall be paid to the widow, or in the event of her death, to their joint issue, if any, unless otherwise ordered." It is a recognized rule in the construction of statutes, that they should be so construed as to give them a prospective operation only, and they should be allowed to operate retrospectively only where the intention to give them such operation is clear and undoubted. We see no reason why substantially the same canon of construction should not be applied to the rules or statutes which a mutual benefit society sees fit to adopt for the government of its members. Such rules should not be so construed as to apply to and set aside acts already done under the sanction of former rules, unless it clearly and unmistakably appears that such result was intended by the authority adopting them.

There is nothing in the language of the section of the amended constitution under consideration evidencing an intention to give it a retrospective operation. It does not attempt, either in terms or by necessary implication, to abrogate

or set aside designations of beneficiaries already made in conformity with existing rules, but it merely provides that, "unless otherwise ordered," that is, in the absence of any other designation, the widow, if there is one, shall be the beneficiary. We see no reason why the words, "unless otherwise ordered," should be so construed as to require a new designation of a beneficiary after the adoption of the amendment, so long as a valid designation was already in existence. The words apply just as readily to a designation already made as to one thereafter to be made. If the convention which adopted the amended constitution intended to make the widow the beneficiary unless another designation should be thereafter made, it would have been easy to employ language which would clearly express that intention. But the words used being such as apply just as readily to a past as to a future designation, the provision should not be so construed as to set aside valid designations already in existence, but to simply mean that, if a member, after obtaining his certificate, marries, and the certificate becomes payable by reason of his death, his widow shall become his beneficiary, unless he has otherwise ordered, that is, unless there is in existence a valid designation of another beneficiary.

Here the member had designated his mother as his beneficiary, and that designation remained in full force and unrevoked at the time of his death. This clearly constituted an order to pay the money to his mother, within the meaning of the amended constitution, and it follows that the money was payable to her and not to the widow.

The judgment of the Appellate Court and the decree of the Circuit Court will be reversed, and the cause will be remanded to the Circuit Court with directions to enter a decree in favor of the complainant for the amount, principal and interest it shall find to be payable under the certificate of membership in question, according to the prayer of the bill.

*Judgment reversed.*