## Mulderick et al., Appellants, *v.* Grand Lodge of Ancient Order of United Workmen.

*Beneficial associations—Naming beneficiary.*

The by-laws of a beneficial association provided that any member holding a beneficiary certificate desiring at any time to make a new direction as to its payment might do so. There was no provision that the beneficiary should be the widow or children of the member, although such provision was subsequently added. A member of the association named as beneficiary a person who was not related to him, and who was not a creditor. The member continued to pay the assessments. *Held,* that the association was bound to pay the benefits to the beneficiary named.

Argued April 27, 1893. Appeal, No. 446, Jan. T., 1893, by plaintiffs, Mary Mulderick et al., heirs of John Mulderick, deceased, from order of C. P. Erie Co., Sept. T., 1888, No. 69, refusing to take off compulsory nonsuit. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for death benefits. Before GUNNISON, P. J.

Plaintiffs in their statement averred that their father, in 1884, became a member of defendant association, whereby, under the constitution and by-laws, defendant was bound to pay benefits named to plaintiffs, notwithstanding one Frank, a stranger, was named as beneficiary. On the trial, plaintiff gave in evidence the following extracts from defendant's constitution and by-laws of 1882 : " In case of death, to pay a stipulated sum to such person or persons as may be designated by each member, thus enabling him to guarantee his family against want."

It was also provided that the lodge " guarantee to each member the payment at his death of $2,000 to such person or persons as he may while living direct; provided that said member shall fully comply with each and all requirements of the hereinafter specified conditions and with the general laws governing said corporation." " I further agree to accept said beneficiary certificates subject to such laws as now exist or may hereafter be adopted." The form of certificate prescribed contained a

blank for designation of "relationship" of beneficiary. There was also a provision authorizing change in beneficiaries.

Plaintiffs also gave in evidence a constitution and by-laws, adopted March, 1888, containing same guarantee, with addition of words "within the rules for that purpose" between "direct" and "provided." Also, "In filling up applications, or applications for change of beneficiary certificates . . . . a single man with children must select the children."

The evidence also showed that the first certificate designated the wife, and that the present one was made in 1884 after her death. Mulderick died April 28, 1888. Defendant association was incorporated under act of Feb. 25, 1871, P. L. 197, but surrendered its charter under that act in 1887. In May, 1888, defendants were notified to pay plaintiffs. In October, 1888, they paid Frank.

The court entered a compulsory nonsuit and subsequently refused to take it off, on the ground (1) that the constitution of 1882 authorized the naming of Frank as beneficiary; (2) the constitution of 1888 did not apply; and (3) there was no contract between plaintiffs and defendants.

*Error assigned* was refusal to take off nonsuit.

*J. W. Sproul, C. Geo. Olmstead* with him, for appellant, cited: Meily v. Hershberger, 16 W. N. 186; Stoner v. Line, 16 W. N. 187; Ruth v. Katerman, 112 Pa. 251; Bomberger v. Society, 18 W. N. 459; Maneely v. Knights, 115 Pa. 305; Folmer's Ap., 87 Pa. 133; Beatty's Ap., 122 Pa. 428; Fisk v. E. A. U., 20 W. N. 290; Safe Deposit Co. v. Ins. Co., 25 W. N. 397; Ins. Co. v. Seager, 128 Pa. 533; Ins. Co. v. Roth, 20 W. N. 395; Hindmarch v. Hoffman, 127 Pa. 284; Brooks v. Church, 135 Pa. 137.

*J. Ross Thompson* and *Ora L. Flinn,* for appellees, not heard, cited: Com. v. Eq. Ben. Asso., 137 Pa. 412; Vollman's Ap., 92 Pa. 50; Fish v. Eq. Aid Union, 20 W. N. 290; Beatty's Ap., 122 Pa. 428; McNeil v. U. O. of Golden Cross, 131 Pa. 339; Jinks v. Banner Lodge, 139 Pa. 414; Maneely v. Knights, 115 Pa. 305; Fulmer's Ap., 87 Pa. 133.

PER CURIAM, May 22, 1893:

We do not see any reason disclosed by the facts in this case

for differing from the learned judge of the court below. When the plaintiffs rested they had shown a valid undertaking by the defendant to pay to the beneficiary named by Mulderick. The name of this beneficiary had been changed, but no reason appears for denying to the one last named the benefit of the contract. The question in the court below was not whether parental affection or obligation should have led the decedent to name his children. If that had been the question it would have been very easy of solution. Unfortunately for the plaintiffs the question is, What did he do in naming the beneficiary? This is involved in no doubt, and upon the evidence we see no legal reason why the beneficiary was not entitled to receive the money now sued for.

The judgment is affirmed.