HARRY EMMONS *vs.* SUPREME CONCLAVE IMPROVED ORDER HEPTASOPHS.

*Case—Insurance—Fraternal Benefit Association—Contract— Change of Law as to Beneficiary; Prospective and not retroactive.*

Where a member of a fraternal benefit association, upon applying for membership designates as his beneficiary a person in no wise related to him, as he might properly do under the act of incorporation and by-laws then in force, a change of the by-laws or act of incorporation requiring that each member shall designate a beneficiary, who shall bear a specified relation to him, is prospective only, and has no effect on a contract theretofore made, notwithstanding such member upon joining the association had agreed to conform in all respects to the laws, rules and usages of the order then in force or which might thereafter be adopted by the same."

(<i>June</i> 16, 1906.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Harry Emmons* for plaintiff.

*John G. Gray* and *John Bryan* (of the Maryland bar) for defendant.

Superior Court, New Castle County, May Term, 1906

ACTION ON THE CASE (No. 108, November Term, 1905). Demurrer to special pleas.

The facts appear in the opinion of the Court.

LORE, C. J.:—This is an action upon the case, upon an endowment certificate in the nature of an insurance policy, issued November 2, 1887, by the defendant company, a beneficial association, to one Richard H. Eubanks, for the payment of $2,000 upon his death, "to such person or persons as he may, by will or entry on Record Book of the Conclave, or on the face of this certificate direct the same to be paid, provided he is in good standing when he died."

On the same date, on the face of the certificate, Eubanks directed the benefits named in the certificate to be paid to Harry Emmons, plaintiff in this action, he being at that time a creditor. Eubanks died August 14, 1905, in good standing in the order without having changed the name of the beneficiary.

The defendant pleaded specially to the declaration, that although Eubanks had the right to designate Emmons as his beneficiary, under the law as it stood November 2, 1887; yet that the law was afterwards changed.

That on April 18, 1889, the defendant amended its by-law so as to read:

"Resolved, that Law 111, Section 2 be amended to read as follows:

"1. Applicants shall enter or cause to be entered upon their applications the full name or names and the dependence upon, the connection or relationship to him of the person or persons to whom he desires his amount of endowment to be paid and the same shall appear upon the certificate issued by the Supreme Secretary.

"2. The endowment may be made payable to the following classes of persons only, viz:

EMMONS vs. SUPREME CONCLAVE, I. O. H.    117

OPINION

(a)    To a member's father, mother, wife, children, grand-children, grandparents, brothers or sisters, or any, or as many of them as the member shall desire and specify; * * *

(b)    If any person or persons not enumerated in the fore-going classification who may be dependent altogether or in part upon the member for maintenance (including lodging, clothing, food and education) or to any person between whom and the member there shall exist a valid and *bona fide* contract to marry within one year; * * *

"3.    All beneficiaries shall be designated in accordance with the foregoing regulations, and no endowment certificate shall be made payable to a creditor, nor be assigned, nor be held in whole or in part to secure any debt contracted or contemplat-ed by the member or on his behalf, and any designation of bene ficiaries except by their individual names shall render the endow-ment certificate absolutely void and of no effect. * * * "

By the laws of Maryland passed in 1894, it was provided with respect to such fraternal beneficiary cases as follows:

"Payments of death benefits may be made only to the widow, children, grandchildren, mother, father, brother, sister grandparent, aunt, uncle, niece, nephew, first cousin, next of kin who would be distributees of the member's personal estate if he had died intestate, to an affianced husband or affianced wife of a member, or to persons dependent upon a member for food, lodging, clothing or education, and to none other."

To these special pleas the plaintiff demurred generally.

It is conceded that at the time Emmons was designated as beneficiary, he was a proper beneficiary, under the laws of the association as they then stood.    That Eubanks died in good standing without making any change in the beneficiary.    It is also conceded that Eubanks had notice of the change of law of the association, and was requested to surrender and change his certificate, that he neglected or refused to do so; although in becoming a member of the association he agreed "to conform in all respects to the laws, rules and usages of the order now in force or which may hereafter be adopted by the same."

The sole question seems to be whether the change of the by-laws of the order of April 18, 1889, and of the Law of Maryland, adopted in 1894, which were subsequent to the date of the certificate, made the designation of Emmons as beneficiary void. In other words, were such changes in the law retroactive?

It is well-settled, that retroactive effect shall not be given to any law unless it is expressly provided in the law or must necessarily be implied from the terms thereof.

Neither the by-law nor the act of the Maryland Legislature appear upon their face, or from necessary implication to be retroactive; indeed, they appear to be prospective, and to apply only to applicants or changes to be made thereafter.

This is not a new question. It has been passed upon in a number of cases in the courts of other states.

In *Wist vs. Grand Lodge A. O. U. W.*, 22 *Oregon* 271, and 29 *Pac. Rep.* 610, the facts of which are in accord with the case now before us, it was held by the Court: "That a subsequent amendment of the law of a society, to the effect that each member shall designate the person to whom the beneficiary fund due at his death shall be paid, who shall in every instance, be a member of his family or a blood relative, or a person dependent upon him, was not retroactive in its effect, and did not require the substitution of such relation or dependent person, for one who had been previously designated and who was not within those classes."

In *Hadley vs. Queen City Camp, No.* 27, *W. O. W.*, 1 *Tenn. Chancery Ap.* 415 (1901), affirmed by Supreme Court of Tennessee (1902), the beneficiary was father-in-law of the insured. Some years after the certificate was issued, the laws of the order were changed requiring that the beneficiary should be a blood relative of the insured. The application of the member provided that "the provisions of the constitution and laws of the order now in existence or hereafter adopted shall form a part of the certificate issued hereon whether printed or referred to in such certificate or not."

The Court held that the subsequent law changing the class of beneficiaries, not being expressly made to apply to then ex-

EMMONS vs. SUPREME CONCLAVE, I. O. H. 119

OPINION.

isting contracts, was prospective only, and had no effect on contracts theretofore made.

The Court in this case also said: "We think the reasoning of the Supreme Court of Oregon in *Wist vs. Grand Lodge* is unanswerable and presents the true rule."

In *Roberts vs. Cohen*, 60 *N. Y. Ap. Div.* 259 (April Term, 1901), where the situation of the parties was practically identical with the one before us, the Court held: "Where a member of a fraternal benefit association, upon applying for a membership, designates as his beneficiary a friend in nowise related to him, as he might properly do under the act of incorporation and by-laws then in force, neither the association by an amendment to the by-law, nor the legislature by an amendment to the act of incorporation, has power to require him to designate a new beneficiary who shall bear a specified relation to him, notwithstanding that in his application for membership the member agreed to strictly comply with the constitution, laws and regulations which are or may hereafter be enacted."

The same doctrine is sustained in the following cases:

*Peterson vs. Gibson*, 191 *Ill.* 365 (1901); *Moore vs. Chicago*, etc., 178 *Ill.* 102; 52 *N. E.* 882; *Grand Lodge A. O. U. W. vs. Brown*, 112 *Ga.* 545; 37 *S. E.* 890; *Benton vs. Brotherhood*, 146 *Ill.* 570; 34 *N. E.* 939: *Sargent vs. Sup. Lodge, K. of H.*, 158 *Mass.* 557; 33 *N. E.* 650; *Mulderick vs. Grand Lodge, A. O. U. W.*, 155 *Pa.* 505.

We have been able to find no case in which the contrary doctrine is supported or successfully maintained.

*Dale vs. Brumbly*, 96 *Md.* 674, somewhat relied upon by the defendant, does not pass upon the question raised in this case.

Inasmuch therefore as Eubanks named Emmons as his beneficiary in 1887, rightfully under the law as it then stood, and died in 1905 without having changed such beneficiary, it seems clear that upon the death of Eubanks, Emmons became entitled to the beneficial fund, as neither the change in the by-laws of

the order or in the laws of the State of Maryland were retro-active in effect.

Some of the cases above cited go further than we are called upon to go in this case.

In our judgment the demurrer should be sustained.

Let the judgment be so entered.