## SAMUEL MICHAELSON *v.* MARY MERVIS SOKOLOVE, ET AL.
### [No. 63, October Term, 1935.]

*Decided January 15th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*H. Harry Rosenberg,* with whom was *Max. Friedman* on the brief, for the appellant.

*Edward Azrael* and *George Ross Veazey,* submitting on brief, for Mary M. and E. Harold Sokolove, appellees.

*Randolph Barton, Jr., Frederick L. Allen,* and *Forrest Bramble,* submitting on brief, for the Mutual Life Insurance Company, appellee.

URNER, J., delivered the opinion of the Court.

Under the terms of a $10,000 life insurance policy issued to Samuel Mervis by the Mutual Life Insurance Company of New York, the insured had the privilege of selecting one of various specified modes of settlement in favor of his wife, Mary Mervis, or of his children, if she were not living at the time of his death. The policy was

issued on July 19th, 1929, and the insured died on November 19th, 1930. By an indorsement "attached to and forming a part of" the policy, and bearing the same date, the insured selected the mode of settlement designated in the policy as "Option 4," and consequently directed that the amount payable under the policy should be paid in monthly installments of $100 each, to his wife, or, in the event of her death, to his surviving children. It was provided in the policy that, if any of the options "has been elected, a supplementary contract bearing the date on which the proceeds of the policy become payable and providing for the settlement elected will be issued, * * *" and that, unless otherwise specified in the election, "neither the supplementary contract nor any of the benefits accruing thereunder shall be transferable or subject to surrender, commutation or encumbrance, except that at the death of the last surviving payee the then surrender value * * * shall be payable to the executors or administrators of such payee." In the policy indorsement which stated the election by the insured of the mode of settlement therein stipulated, the following provision was embodied: "Unless otherwise provided for herein, neither the supplementary contract nor any benefits accruing thereunder shall be transferable or subject to surrender, commutation, anticipation, or encumbrance, or in any way subject to the debts of any beneficiary or payee, or to legal process except as otherwise provided by law." The same provision was included in the "supplementary contract" issued, after the death of the insured, to Mary Mervis, his widow, as the primarily named beneficiary.

In disregard of that restriction, the widow, on August 23rd, 1933, assigned to the appellant "all her right, title and interest in and to the payments" of $100 per month to which she was entitled under the policy, as additional security for the purchase price of certain shares of stock. The agreement for the purchase of the stock from the appellant by the beneficiary under the policy and her second husband, E. Harold Sokolove, provided, in part, that the checks for the monthly payments should be im-

mediately indorsed by her and delivered to Max Friedman and Benjamin L. Wolfson, and that the proceeds should be held by them until payment for the stock under the terms of the agreement was completed. It was stipulated that, upon full compliance by the vendees with the contract of purchase, the insurance money then accumulated in the hands of Friedman and Wolfson should be paid by them to Mary Mervis Sokolove, the beneficiary, but, in the event of default in such compliance, the fund should be paid to the appellant for application to the balance owing on the stock purchase price of $7,000.

The purpose of this suit in equity by the vendor of the stock is to restrain the insurance company from making, and Mary Mervis Sokolove from receiving, any payments under the policy issued to her former husband, until a balance of $2,550 alleged to be due on account of the stock purchase shall be paid, and to have a trustee appointed to receive and apply the insurance payments to the satisfaction of that claim. The bill of complaint states that nine of the monthly insurance checks were indorsed to Friedman and Wolfson, and by them collected, but that the beneficiary retained the subsequently accruing payments, and failed, with her co-vendee, to pay for the stock in compliance with the installment provisions of the purchase agreement, and that consequently the transferred money, amounting to $900, had been paid to the appellant by its designated custodians. Demurrers to the bill were filed by the insurance company and the other defendants, Mary Mervis Sokolove and E. Harold Sokolove, on the ground that the proceeds of the insurance contract were not transferable or subject to the debts of the beneficiary, and that the plaintiff, "having knowledge of such non-assignability when he attempted to become assignee thereof," is not now entitled to have the payments to the beneficiary restrained, and that, Samuel Mervis, the assured, having elected in his lifetime that the proceeds of the policy should be paid to his widow or children, without power of alienation, he thereby created a trust for the payment of the funds in accord-

ance with the terms of his election. The personal defendants, in their demurrers, further objected to the bill on the ground that the plaintiff has an adequate remedy at law, and that the defendants were not alleged to be insolvent. The appeal is from an order sustaining the demurrers and dismissing the bill of complaint.

It is clear that the assignment here sought to be enforced by the appellant could not be recognized as valid except upon the theory that the prohibitions against such a transfer, in the insurance policy, in the mode of settlement elected by the insured, and in the supplementary contract issued after his death, were all ineffective. The presumable purpose of the insured in contracting with the insurer that the specified benefits should not be transferable, or subject to the debts of any beneficiary, was to protect his wife and children against any diversion of the funds thus provided for their use. It would not be permissible for the insurance company to disregard that provision of its contract with the insured, nor to assume the right to waive it in favor of an assignee by whom it had been ignored. It could not properly be regarded as a restriction imposed simply for the insurer's benefit and convenience. In that respect the present case is readily distinguishable from the cases cited in the appellant's brief, and illustrated in *Restatement, Contracts, A. L. Inst.*, sec. 176, in which stipulations against assignment were held to be subject to waiver by the obligors in the contracts there considered. The terms of the settlement for which the insured in this instance contracted closely resemble provisions for the creation of spendthrift trusts, which were held to be effective in *Smith v. Towers*, 69 Md. 77, 14 A. 497, 15 A. 92; *Reid v. Safe Deposit & Trust Co.*, 86 Md. 464, 38 A. 899; *Plitt v. Yakel*, 129 Md. 464, 99 A. 669; *Safe Deposit & Trust Co. v. Independent Brewing Assn.*, 127 Md. 463, 96 A. 617; *Jackson Square Assn. v. Bartlett*, 95 Md. 661, 53 A. 426; *Baker v. Keiser*, 75 Md. 332, 23 A. 735; *Maryland Grange Agency v. Lee*, 72 Md. 161, 19 A. 534, and *Johnson v. Stringer*, 158 Md. 315, 148 A. 447. No case cited in the argument for the

appellant was concerned with contractual conditions analogous to those in reference to which the present question must be determined. A contract may validly provide that it shall not be assignable. *Burck v. Taylor*, 152 U.S. 634, 14 S.Ct. 696, 38 L.Ed. 578; *Andrew v. Myerdirck*, 87 Md. 511, 40 A. 173; *Dale v. Brumbly*, 96 Md. 674, 54 A. 655; 2 *R.C.L.* 599; 2 *Amer. & Eng. Encyc. of Law* (2nd Ed.) p. 1035. In our opinion, the restrictions and purposes of the settlement prescribed in this case are valid and enforceable.

It was argued that a different conclusion is required because the supplementary contract contains the provision: "If any payee shall have the right to assign any interest, in this Contract, the Company shall not be charged with notice of any assignment of any interest in this Contract until the original assignment or a certified copy thereof has been filed in the Home Office." This provision is said to assume the assignability of the beneficiary's interest under the supplementary contract. But the quoted language could not be so construed in the face of an express denial in the contract that any of the benefits accruing under it should "be transferable or subject to surrender, commutation, anticipation, or encumbrance, or in any way subject to the debts of any payee, or to legal process except as otherwise provided by law."

The exception which concludes that quotation is used in connection with the citation of section 1 of article 8 of the Code, as a further ground of argument in support of the appellant's contention. The cited Code provision is as follows: "The assignee of any judgment, bond, specialty, or other chose in action for the payment of money, or any legacy or distributive share of the estate of a deceased person bona fide entitled thereto by assignment in writing signed by the person authorized to make the same, may, by virtue of such assignment, maintain an action or issue an execution in his own name against the debtor therein named, in the same manner as the assignor might have done before the assignment." The effect of that provision was to enable assignees to maintain

actions, or issue executions, in their own names, by virtue of assignments in writing to which the section refers. It did not alter the nature of such assignments nor impair contractual limitations upon the right to assign. *Cox v. Hill*, 6 Md. 274; *Harwood v. Jones*, 10 G. & J. 404, 419; *Schaferman v. O'Brien*, 28 Md. 565.

*Decree affirmed, with costs.*