METROPOLITAN LIFE INSURANCE COMPANY, complainant,

*v.*

HELEN WELSTEAD WOOLF, defendant-appellant, and GEORGE WOOLF, CARROLL L. WOOLF, JR., and CORNELIUS ROY WOOLF, defendants-respondents.

[Argued February 8th, 1946.   Decided May 20th, 1946.]

*Mr. John E. Toolan,* for the appellant.

*Mr. Saul Nemser* and *Mr. Abner W. Feinberg,* for the respondents.

The opinion of the court was delivered by

HEHER, J.

The subject-matter of this litigation is the proceeds of a certificate of life insurance issued by the complainant insurer to Carroll L. Woolf on April 1st, 1943, under a master policy theretofore supplied by complainant to the General Motors Corporation, covering certain of its employees as a group. The certificate was payable to the named insured's wife, Mary E. Woolf, as beneficiary; and it was provided that should the beneficiary predecease the insured employee, "the interest of such beneficiary shall vest in such employee, subject to the provisions of the group policy." The right to change the beneficiary was reserved to the insured.

The designated beneficiary died on April 8th, 1943. There were three children of the marriage, viz.: George, Carroll and Cornelius Roy. The learned Vice-Chancellor found that shortly after the mother's death, the insured made an oral assignment of the insurance certificate to his three sons, accompanied by a manual delivery of the instrument to Roy, for all three, who immediately returned it to his father for safekeeping (Carroll was then in military service in Germany, and Roy was home from service on a furlough); and the factual basis for this finding of an effectual gift *inter vivos* is not now challenged.

On October 17th, 1943, the insured married appellant, Helen Welstead Woolf. He died on July 27th, 1944; and the widow now asserts title to the insurance moneys under the provision of section 9 of the group policy that, if there be "no designated beneficiary at the time when any benefits" thereunder shall be payable to the "beneficiary, then such benefits shall be payable as follows: To the wife or husband, if living, of such employee; if not living, to the children of

such employee who survive such employee, equally; if none survive, to the father and the mother of such employee equally, or to the survivor; if none of the above survive such employee, to the estate of such employee." Neither the insured nor the employer endorsed a change of beneficiary upon the certificate of insurance; and the insured did not give notice either to the insurer or to the employer of a change of beneficiary, or of his resolve so to do. Section 9 of the master policy also provides that the insured may effect a change of beneficiary "by filing written notice thereof with the employer accompanied by" the employee's certificate, and that "Such change shall take effect upon endorsement thereof by the employer on such certificate, and unless the certificate is so endorsed, the change shall not take effect." The policy also declares that the insurance certificate "and the benefits provided" thereunder "are non-assignable." The certificate itself has an endorsement that the "insurance" is "non-assignable." And there are provisions that the insurance coverage shall cease upon the termination of the insured's employment with the holder of the group policy, but shall be convertible, at the insured's option, and without evidence of insurability, into any form of policy customarily issued by the insurer, except term insurance.

The argument of appellant is that the insured did not have "an indefeasible property interest" in the policy "at the time the oral assignment was made," and that his right therein was limited (a) "to the power to appoint a beneficiary, in strict compliance" with the contractual provision for a change of beneficiary, and (b) the "contingent interest which his estate would take in the event he outlived his wife, his children, and his mother and father." It is said that an assignment of such a policy "cannot effectuate a change of the beneficiary named" therein; that an assignment of a policy so restricted "is a nullity and does not even transfer the contingent interest" of the insured (citing *Order of Heptasophs* v. *Dailey, 61 N. J. Eq. 145*), and, at all events, transfers only the insured's contingent interest (citing *Sullivan* v. *Maroney, 76 N. J. Eq. 104; affirmed, 77 N. J. Eq. 565; Anderson* v. *Broad Street National Bank, 90 N. J. Eq. 78; affirmed, 91*

*N. J. Eq. 331*); and that the non-assignment clause here is for the employer's benefit and cannot be waived by the insurer.

An ordinary life insurance policy is but a *chose in action;* and the insured may make an absolute assignment of all such right, title and interest as he may have therein, subject to the limitations imposed by the contract. It is a *chose in action* arising on contract within the purview of the Assignment Act. *R. S. 2:41-1.* And the assignment may be by parol, accompanied by delivery of the policy. Such is cognizable and enforceable in equity, however it may be viewed at law. *DeRonge* v. *Elliott, 23 N. J. Eq. 486; Traveler's Insurance Co.* v. *Grant, 54 N. J. Eq. 208; Sullivan* v. *Maroney, 76 N. J. Eq. 104; affirmed, 77 N. J. Eq. 565; Prudential Insurance Co.* v. *Deyerberg, 101 N. J. Eq. 90; Metropolitan Life Insurance Co.* v. *Poliakoff, 123 N. J. Eq. 524; Tompkins* v. *Tompkins, 132 N. J. Law 217.*

What was the insured's interest in the policy at the time of the oral assignment to his three sons? Invoking the doctrine expounded in *Sullivan* v. *Maroney, supra,* appellant maintains that the insured and his estate had but a contingent interest in the policy; that his subsequent death survived by a wife, the "first-named substituted beneficiary" under the policy provision adverted to, served to "defeat" his contingent interest "before it ripened into a vested property right," and therefore the transfer was ineffectual as to the widow. We take a different view.

While the general rule elsewhere is that the beneficiary of an ordinary life insurance policy acquires a vested and absolute interest therein, not subject to divestment without his consent, only where there is no reservation of the right to effect a change of beneficiary, and that where such right is reserved, the designated beneficiary has a mere expectancy, and no interest therein which can be assigned until it becomes absolute by the death of the insured (*29 Am. Jur. 403, 404; 45 C. J. S. 37, 54*), in this state it seems to be the accepted rule that, notwithstanding the reservation of the right to change the beneficiary, the interest of the designated beneficiary in such a policy is a vested property right, payable if he survives

the insured, which can be divested only by a change of beneficiary in the mode and manner prescribed by the contract. *Sullivan* v. *Maroney, supra; Prudential Insurance Co.* v. *Swanson, 111 N. J. Eq. 477; Prudential Insurance Co.* v. *Deyerberg, supra.* And Chancery has applied this doctrine to group life insurance policies. *Koczot* v. *Travelers Insurance Co., 130 N. J. Eq. 106; Woehr* v. *Travelers Insurance Co., 134 N. J. Eq. 38.* But here, as we have seen, the certificate provides that if the designated beneficiary should predecease the insured, the "interest" of such beneficiary "shall vest" in the insured, subject to the terms and conditions of the master policy. Thus, when the parol assignment of the certificate was made, the "interest" of the deceased beneficiary, however it may be termed, was "vested" in its entirety in the insured; and, the non-assignability clause to one side, his assignment of the certificate served to vest in the assignees the entire property right and interest in the policy. The acceptance of appellant's view would render this provision of the contract meaningless; and we are enjoined, in the exercise of the interpretative function, to give the language used a reasonable meaning, considered in the light of the subject-matter and the context.

The consent of the substitutionary takers, in the event that there be "no designated beneficiary at the time when any benefits" shall be payable under the policy, was not requisite to a transfer of the entire beneficial interest therein. The rule invoked could not embrace them without doing violence to the plain letter and spirit of the contract. But, on the contrary hypothesis, appellant cannot prevail in this regard; for, at the time of the oral assignment, there was no "designated beneficiary," and the children would take the proceeds of the policy under the substitutionary clause in the event of the insured's death, and thus the assignment served to unite in them the entire beneficial interest. Appellant had no interest whatever in the policy at the time of the assignment. To hold that, in virtue of the substitutionary clause, the insured's subsequent marriage served to undo an act valid at the time of its performance would constitute a distortion of the contractual expression and the plainest principles of jus-

tice. The insured's sons were the natural objects of his bounty; and a construction that would disable him from so providing for them would flout the normal meaning of the terms employed to express the common intention which, after all, is the polestar that points the way in an inquiry such as this. There would seem to be no reason in principle or policy why the insured could not assign the entire interest to his children if he could at the time designate them as beneficiaries. Barring a statutory or contractual prohibition, a life insurance policy is assignable by the concurrent act of the insured and the beneficiary. *Finegan* v. *Prudential Insurance Co., 300 Mass. 147; 14 N. E. Rep. (2d) 172; 116 A. L. R. 535; 45 C. J. S. 38.*

It will not do to say, as appellant does, that if the insured "wanted to designate a beneficiary other than those mentioned in the policy, he could have done so by exercising his power of designation."

The insured chose to make a gift of the policy to his sons, rather than to designate them as beneficiaries; and this was his right. These are essentially different acts with substantially different legal consequences. *Vide Tompkins* v. *Tompkins, supra*. A change of beneficiary does not constitute an assignment of the policy, which ordinarily rests on contract, although a gift *inter vivos* needs no consideration to sustain it; it is merely the exercise of a reserved power of appointment.

Appellant also contends that, "since the assured reserved the power to change the beneficiary, his wife's prior death could not vest in him any assignable property right," and therefore he "acquired no property right upon the death of the named beneficiary" under the cited clause of the policy.

But this argument poses a dilemma. It points the fundamental weakness of appellant's case. It ignores the status of the beneficiary under the cited cases; and it serves to deny to the takers under the substitutionary clause an interest that would deprive the insured of the power to make an assignment of the policy without their consent.

We are thus brought to the question of the quality of the non-assignability clause.

This provision in an ordinary life insurance policy is for the benefit and protection of the insurer; and the insurer alone may challenge an assignment made in violation of its terms. The insurer may waive performance of the condition; and there is such waiver where, as here, the insurer has exercised the right of interpleader and has paid the proceeds of the policy into Chancery. *Meyers* v. *Schumann, 54 N. J. Eq. 414; Metropolitan Life Insurance Co.* v. *Haggerty, 109 N. J. Eq. 663; Travelers Insurance Co.* v. *Morris, 115 N. J. Eq. 142; Metropolitan Life Insurance Co.* v. *Poliakoff, supra; Metropolitan Life Insurance Co.* v. *Zgliczenski, 94 N. J. Eq. 300; Travelers Insurance Co.* v. *Grant, supra; 6 Couch on Insurance 5224.*

But it is the insistence of appellant that the particular provision is also for the benefit of the employer and, since the latter has not waived its performance, the assignment is without efficacy. Respondents maintain that the employer has no interest in the observance of the covenant. It would seem that the design of the prohibition against assignment was, not only the protection of the insurer in the payment of the insurance moneys, but also to induce the continuance of the insured in the employer's service and his zealous interest in the employer's affairs. But there is no occasion to pursue the inquiry. If the stipulation be considered as also in the employer's interest, it is a corollary of the foregoing considerations that only the employer may enforce it; it cannot be interposed by a conflicting claimant either on his own or the employer's behalf. The assignment is effective as between the assignor, and those claiming under him, and the assignee. The operation of the non-assignability clause is necessarily confined by the purpose it was designed to serve. We do not read the contract as forbidding the insured, in the particular circumstances, from transferring to his children the entire equitable interest in the insurance moneys to accrue thereon, unless the employer gave its consent. *Vide Travelers Insurance Co.* v. *Grant, supra.* The question is one of intention as revealed by the writing; and if, in the special circumstances, the effectuation of the assignment will not subvert the essential common intention, the prohibition may be dis-

regarded. *Grigg* v. *Landis, 21 N. J. Eq. 510; Chelsea-Wheeler Coal Co.* v. *Marvin, 134 N. J. Eq. 432; Metropolitan Life Insurance Co.* v. *Poliakoff, supra.*

Here, the employer, although aware that the policy had matured by the death of the employee, has not sought to enforce the covenant, presumably for lack of interest due to the termination of the employment. Whatever its reason, the covenant is enforceable only at its instance.

We have no occasion to consider the question of whether the employer should have been joined as a party. Compare *Chelsea-Wheeler Coal Co.* v. *Marvin, 132 N. J. Eq. 462.* The circumstances of that case are quite different from those of the case in hand; and the point has not been raised.

Decree affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, JJ. 11.

*For reversal*—None.