## BIMESTEFER *v.* BIMESTEFER

[No. 26, October Term, 1954.]

*Decided December 10, 1954.*

*Motion for modification of opinion, filed December 20, 1954, denied January 11, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Walter C. Mylander, Jr.,* and *Charles C. W. Atwater,* with whom was *Elbridge B. Donaldson,* on the brief, for appellant.

*John W. Hessian, Jr.,* and *Joseph S. Kaufman,* with whom were *Smalkin and Hessian,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The issue presented in this appeal is whether the prohibition against assignment in a group insurance policy prevented the insured from giving beyond recall the right to receive the insurance proceeds at his death.

544

The Metropolitan Life Insurance Company issued its master group life, accident and health insurance policy to the Bethlehem Steel Company so as to insure the lives of certain of the latter's employees. John Bimestefer, Jr., a widower, became insured in the amount of $15,000, naming his son and only child, Lawrence William Bimestefer, the appellee, as sole beneficiary. He was given the customary certificate which the insurance company caused to be issued to each insured, in which was set forth the name of the insured employee and the beneficiary and a certification by the insurer that the insured was covered for the amount stated: "* * * under and subject to the terms and conditions of Group Policy No. 16000-G, the provisions of which are summarized on this and the following pages * * *." The pertinent provisions of the policy, which are either repeated or accurately summarized in the certificate, are these: 1, the insurance is payable at death: "* * * to the Beneficiary of record or if the Beneficiary is not living when the Employee dies such amount shall be paid to the contingent Beneficiary." 2, "The Employee may change his Beneficiary or contingent Beneficiary at any time upon written request accompanied by this certificate for endorsement. Consent of the Beneficiary or contingent Beneficiary shall not be requisite to any change of beneficiary." 3, "This certificate is non-assignable and the insurance and benefits are non-assignable prior to a loss. The insurance does not at any time provide paid-up insurance, or loan or cash values." 4, "If any prior certificate relating to the insurance referred to herein has been delivered to the employee referred to herein such certificate is void."

Soon after he received the certificate, the father told his son of the insurance and handed him the certificate, stating: "I want you to have it. It will be a nest egg for you and will help with David's education", adding: "This is yours." Later, the insured married again and sought to have his wife, Evelyn Ruth Bimestefer, the appellant, made a beneficiary of the policy. Upon his

representation that the original certificate was lost, the insurer, without requiring the surrender of the certificate as required by the terms of the policy, issued and delivered to him a duplicate certificate, which named Evelyn Ruth Bimestefer as the beneficiary. He handed her the certificate, saying almost the same thing he had to his son. After the death of the insured, his son and his widow each demanded of the insurer the proceeds of the policy. The company refused to pay either and each filed a suit at law against it in the Circuit Court for Baltimore County for the payment of the proceeds. After the suits had been filed and consolidated, the insurer filed a bill of interpleader. The Chancellor decreed that the son was entitled to the insurance proceeds as the donee of a valid, irrevocable gift. The provision of the policy prohibiting assignment was intended, he said, solely for the benefit of the insurer and was waived by the payment of the money into court.

There is no real dispute that rights under insurance policies generally may be subject to transfer by parol. The conflict in the case is as to whether the prohibition against assignment, in the policy and the certificate, prevented the general rule being applicable here and if it did, whether there could be, and was, a waiver of the benefit. In resolving the conflict, we assume that the insured intended to, and unless the ban on assignment was effective, in fact, did make a valid gift of his rights under the policy to his son. *Restatement, Contracts,* Sec. 158 (b). We do so in light of the principle that a gift is a form of assignment—a gratuitous assignment. *Restatement, Contracts,* Sec. 149. A gift has been said to be: "* * * an assignment perfected by delivery * * *." *Tompkins v. Tompkins,* (N. J.) 38 A. 2d 890, 892. See *Restatement, Contracts,* Sec. 158 (b), *supra; and Ratsch v. Rengel,* 180 Md. 196.

The cases in Maryland are in line with the holdings elsewhere, that unless statute or contract provision forbids, the rights of an insured under a life policy may be assigned by parol if there is delivery of the policy to the

assignee. *Ratsch v. Rengel,* 180 Md. 196, 201, *supra; First National Bank v. Thomas,* 151 Md. 241. Cf. *Dale v. Brumbly,* 96 Md. 674; and *Michaelson v. Sokolove,* 169 Md. 529. In other States, the general rule has been applied to transfers of rights under group insurance policies. Such transfers were upheld in the following cases, in which there was no statutory or contract provision forbidding assignment: *Stepson v. Brand* (Miss.) 58 S. 2d 18; *Peel v. Reibel* (Minn.) 286 N. W. 345; *Koch v. Aetna Life Ins. Co. of Hartford, Connecticut* (Wash.) 5 P. 2d 313.

Nevertheless, the concept of freedom to contract has been recognized by the courts. In large measure, they agree that the parties may limit the alienation of rights and prohibit assignment of rights under contract where clear language and plain words have been chosen. Cases which have so held in life insurance contracts, including group insurance, include: *Morkel v. Metropolitan Life Ins. Co.,* 297 N. Y. S. 962, approved in *Allhusen v. Caristo Const. Corp.,* 303 N. Y. 446, 103 N. E. 2d 891, 893; *Metropolitan Life Ins. Co. v. Brown* (Ky.) 300 S. W. 599; *Hoffman v. Hoffman,* 8 N. J. 157, 84 A. 2d 441; *Carter v. Thornton,* CCA8 93 F. 2d 529; *Tyler v. National Life and Accident Ins. Co.,* (Ga.) 172 S. E. 747; *Thomas v. Metropolitan Life Ins. Co.* (Ga.) 87 S. E. 303. *Restatement, Contracts,* Sec. 151, states that: "A right may be the subject of effective assignment unless * * * (b) the assignment is forbidden by statute * * * or (c) the assignment is prohibited by the contract creating the right." The Maryland cases on the subject have upheld contractual or statutory provisions against assignment. *Michaelson v. Sokolove,* 169 Md. 529, *supra; Yake v. Yake,* 170 Md. 75; *Dale v. Brumbly,* 96 Md. 674, *supra; The Maccabees v. Lipps,* 182 Md. 190.

There has been enlightening and helpful discussion in the opinions as to the fundamental basis for upholding clear prohibitions against assignment in insurance contracts. In Government insurance for servicemen, the Federal statutes and the regulations constitute the con-

tract. They prohibit assignment. In *Tompkins v. Tompkins* (N. J.) 38 A. 2d 890, *supra,* the Court said the policy of the statutes was to offer a measure of economic security for servicemen and their dependents and concluded: "The statutory reservation to the insured serviceman of the right, 'at all time,' to change the beneficiary, considered in the light of the general legislative object, disabled the insured from making the irrevocable gift of the insurance asserted by the defendant. Allowance of this claim of an unalterable transfer of title to the instrument itself, by its delivery with a donative purpose, would nullify the absolute right of the insured, thus legislatively conferred, to change the beneficiary while the insurance policy subsisted—a power designed to advance the essential statutory policy." To the same effect are *Yake v. Yake,* 170 Md. 75, *supra; Kauffman v. Kauffman* (Calif.) 210 P. 2d 29. In *Metropolitan Life Ins. Co. v. Brown's Admr., supra,* the Court of Appeals of Kentucky said the forbidding of assignment of an interest in a group policy was for the benefit not only of the insurer, but of the employer and the employees, and found that: "The chief reason the coal company had for effecting and keeping paid the cost of this insurance for its employees was that they might thereby be induced to continue in its service. Such tendency as the insurance had to that end would be destroyed completely by the assignment of the policy and its benfits. Hence the stipulation against assignment of the insurance was wholly reasonable and must be upheld."

We think the reasoning of these decisions is sound and persuasive. Undoubtedly, as part of the collective bargaining process and to further good employer-employee relations, the Bethlehem Steel Company furnished the group insurance coverage, paying a major portion of the cost, to afford greater economic security to employees and their families. The insurance continued in force only as long as those insured were employees. The purposes of the insurance coverage would be very largely enhanced if the right to the proceeds of the policy could

548

not be assigned and the insured was always free to protect the individual or individuals he felt then most needed it, by changing the beneficiary from time to time. The bundle of rights the insured acquired included only those specified in the contract of insurance, which bound him fully, and he could not give his son something the contract, in plain and clear terms, said was not his to give.

While we do not rest the decision on the law governing the exercise of a power of appointment, an illuminating parallel between that situation and the case at hand comes readily to mind. The policy had not and never would have a cash or loan value or become paid up. There was nothing in which the insured had an estate. He had the right originally to designate and, from time to time, change the beneficiary of the insurance, which was a power to appoint. It is well settled that where the mode of executing a power of appointment is prescribed, the power cannot be executed in any other manner. If it is to be executed by deed, it cannot be executed by will. If it is to be executed by will, it cannot be executed by any instrument taking effect during the lifetime of the donee. Further, the donee of a power to make an appointment by will has no right to enter into any contract that fetters such power. *O'Hara v. O'Hara*, 185 Md. 321, 324, 325. In the *O'Hara* case, the Court adopted the language of Judge Cardozo, as a Judge of the Court of Appeals of New York, to the effect that: "The exercise of the power was to represent the final judgment, the last will, of the donee. Up to the last moment of his life, he was to have the power to deal with the share as he thought best. * * * To permit him to bargain that right away would be to defeat the purpose of the donor."

There are cases which agree that there may be a binding ban on assignment but say that it is for the benefit of, and may be waived by, the obligor. *Restatement, Contracts*, Sec. 176. There was a finding to the contrary in *Michaelson v. Sokolove*, 169 Md. 529, 533, 534, *supra*. Some Courts, after stating expressly that a ban on assign-

ment of rights to insurance is valid, have found a waiver of the ban to have occurred when the insurer paid the policy proceeds into court. See *Oleska v. Kotur* (Ind.) 48 N. E. 2d 88; *Abbruzise v. Sposata* (Mass.) 27 N. E. 2d 722; *Metropolitan Life Ins. Co. v. Dunne, et al,* 2 Fed. Supp. 165; *Smith v. Pacific Mutual Life Ins. Co. of Calif.* (Neb.) 265 N. W. 534; *Metropolitan Life Ins. Co. v. Woolf* (N. J.) 47 A. 2d 340. Some of these cases were cited by the Chancellor, and the appellee places particular reliance on the *Woolf* case, last cited, where the Court found a waiver as to the insurer by reason of interpleader and a waiver by the employer by mere failure to act at all, so that the prohibition against assignment was not available to the one claiming as beneficiary.

This Court, however, has adopted the holding of a line of cases which take the opposite view. *The Maccabees v. Lipps,* 182 Md. 190, *supra; Ringler v. Ringler,* 156 Md. 270. They decide that at the death of the insured, the respective rights under the policy of the conflicting claimants become vested and fixed, so that nothing the insurance company does thereafter can change them. This being so, the insurer, by interpleading the claimants and paying the proceeds of the policy into court, cannot be held to have waived the rights of any claimant. *Freund v. Freund,* 218 Ill. 189, 75 N. E. 925; *Young v. American Standard Life Ins. Co.,* 398 Ill. 565, 76 N. E. 2d 501; *Johnson v. Johnson,* CCA5, 139 F. 2d 930; *O'Connell v. Brady,* 136 Conn. 475, 72 A. 2d 493, 496. In *Ringler v. Ringler,* just referred to, a widow, who had been the second wife of the deceased, and his children by a first marriage, both claimed death benefits from the relief department of the Baltimore & Ohio Railroad, by whom he had been employed. The railroad filed a bill of interpleader against the claimants. The regulations of the relief department provided that no assignment or change of beneficiary would be permitted without the written permission of the superintendent. The point of contention was the effect of the failure of the superintendent to approve the application of the deceased to change the

beneficiary from his children by the first marriage to the second wife. Judge Offutt held for the Court: "* * * while, in a controversy between the insured and a beneficiary, it has been held that the filing of the bill of interpleader may operate as a waiver of any defect in the claim of the beneficiary (37 C. J. 585), although there is authority to the contrary, (15 A. L. R. 1260, 2 A. L. R. 1680), the better view in our opinion is that it has no such effect in a controversy between beneficiaries claiming under different rights (*Sullivan v. Maroney*, 76 N. J. Eq. 104; *Berg v. Damkoehler*, 112 Wis. 587; *Freund v. Freund*, 218 Ill. 189), and that their respective rights under the contract or policy become fixed and vested at the death of the insured." In *The Maccabees v. Lipps, supra*, the rule laid down in the *Ringler* case was adhered to. It was said there: "The filing of the bill of interpleader by the Maccabees does not operate as a waiver of any defect in the claim of a beneficiary in a controversy between beneficiaries claiming under different rights." We reaffirm the holding of these two cases. Whatever the respective rights of the son and the widow, they became fixed at death and the insurer could not tilt the scales either way.

The appellee argues that the original certificate which named him as beneficiary was not surrendered to the insurance company, as required by the terms of the policy, and, therefore, no change of beneficiary was ever accomplished. It is generally held that the insurer may waive strict compliance with the provisions of the policy establishing the manner in which a beneficiary may be changed. Such a provision is clearly for the benefit of the insurance company, so that it may have formal knowledge and proper records as to the actual beneficiary at any given time, and, therefore, it may waive the provision during the lifetime of the insured. *Daly v. Daly*, 138 Md. 155; *Ringler v. Ringler, supra*. The assignment conferred no rights on the son, so his interest as beneficiary in the policy was never more than an expectancy. This being so, the designation by the in-

sured of a new beneficiary, accepted by the employer and the insurance company during the lifetime of the insured, was completely effectual to bring about a change in beneficiary. The policy provides that the beneficiary of record at the death of the insured is to receive the proceeds of the policy. The beneficiary of record was the appellant. The opinion in *Ringler v. Ringler, supra,* makes plain that there can be a waiver of procedural requirements as to a change in beneficiary during the lifetime of the insured. Also, if the insured has done all that he could to make the change but dies before it has been completed, and all that remains is the doing of a purely ministerial act by the insurer, it is held that the change has been effected. Actually, this is saying in another way that in the eyes of the law, the change came about during the lifetime of the insured. The distinction between an act of the insurer which requires discretion, as to which there can be no waiver after death, and the act of the insurer which is merely ministerial, is discussed in *Ringler v. Ringler, supra.* In the policy before us, if there is no beneficiary at death, a wife is the first to take under the facility of payment clause; the act of the insurer, in making the wife the beneficiary, was merely ministerial and, of course, was done during the lifetime of the insured in recognition of his reserved right.

The funds in the registry of the court are payable to the widow of the insured, the appellant.

> *Decree reversed and case remanded for passage of a decree in conformity with this opinion, costs to be paid by the appellee.*